### GARDNER vs. GARDNER.

Upon an appeal to the chancellor from the sentence or decree of a surrogate, the papers and proceedings in the court of chancery, after the petition of appeal has been filed, must be entitled in the appeal cause.

No person is considered a party respondent in a petition of appeal, who is not named therein, and called upon, by the prayer of the petition, to answer the same.

If a party to the proceedings before the surrogate, and whose interests are affected by the appeal to the chancellor, is not made a party to the petition of appeal, he may apply to the chancellor to dismiss the appeal as to him, with costs, so far as it stays the proceedings in the court below, to his injury.

April 7.        THIS was an application to dismiss an appeal from the sentence and decree of the surrogate of New-York. The affidavits on both sides, instead of being entitled in the appeal cause in this court, were entitled, " In the matter of the final accounting of Charlotte Gardner, adm'x, with the will annexed, of James Gardner, deceased ;" as the papers were entitled in the procedings before the surrogate.

*W. N. Dyckman,* for the appellant.

*R. Bogardus,* for the respondents.

THE CHANCELLOR.  The papers in this cause on the part of the appellant, as well as those on the part of the respondent, are wrongly entitled, and cannot be read in this court. On an appeal from a vice chancellor to the chancellor, which is in the same court, no petition of appeal is required, and the title of the cause or proceeding is not changed.  But upon an appeal from the order, sentence or decree of a surrogate, the petition of appeal shows who are intended to be made parties to the appeal in this court.  The papers and proceedings in this court, upon such an appeal, must be entitled in the name of the party filing such petition of appeal, as the appellant, against those who are called upon to answer the petition of appeal, as the respondents therein.  And no person will be considered as made a party to the petition of appeal as a respondent, except those who are by the prayer of the petition called upon to answer the same. (*Kellett* v. *Rathbun*, 4 *Paige's Rep.* 102.)  And if any party to the proceedings in the court below, whose interests are affected by the appeal filed with the surrogate, is not made a party to a petition of appeal, within fifteen days after the entering of the appeal in the court below, he may apply ex parte to dismiss the appeal as to him, with costs, so far as it stays the proceedings before the surrogate to his injury. (*See Rule* 118, *revised edition,* 1834.)

The motion must be denied ; but without costs, and without prejudice to the right of the respondents, or any of them, to renew the application, upon affidavits and papers properly entitled in the appeal cause in this court.