FOSTER & TYLER *vs.* FOSTER and others.

Where a sufficient excuse is shown for not filing the appeal bond and procuring the transcript of the proceedings before the surrogate within the time prescribed by the rule for that purpose, an application to dismiss the appeal will be denied, upon payment of the costs which had accrued upon the application at the time the respondent's solicitor had notice of such excuse.

Upon an appeal to the chancellor from a decision of the circuit judge, the appeal bond must be in the form prescribed by the revised statutes, relative to a similar appeal from the decision of the surrogate, as amended by the act of 1830.

It is not necessary that an appeal bond should be conformable in all respects to the form prescribed by the statute. But it will be enough if the bond is sufficient in substance ; so as to secure to the party for whose benefit it is given all his rights.

Where the condition of the appeal bond was to pay all costs which should be taxed against the appellants in the event of their failure on the appeal, instead of being to pay such costs in the event of their failing to obtain a reversal of the decision appealed from ; *Held*, that the bond was good in substance and need not be amended.

An affidavit, upon which an application is founded to dismiss an appeal from a surrogate's decision for the neglect of the appellant to file his petition of appeal, may be entitled as in the proceedings before the surrogate ; but after the petition of appeal has been regularly filed, showing who are the parties to the appeal, affidavits and other papers in the appeal cause should be entitled in the names of the appellants against the respondents in the appeal.

An application to the surrogate to prove a will of personal estate may be made either by the executor or by any other person interested in the estate under the will. And where the executor institutes the proceedings in his own name, any other person who is interested in proving the will may intervene and make himself a party to the proceedings, if he thinks proper to do so.

It seems that a person interested in proving the will may make himself a party to an appeal from the decision of the surrogate, although he was not a party to the proceedings in the court below.

But a party in interest who claims to come in as an intervener, either in the court below or in the appellate court, must apply by petition to be made a party to the proceedings, before he can be permitted ta take a part therein.

Where the wife, as the next of kin, appeals to the circuit judge from the decision of a surrogate admitting the will to probate, which decision is affirmed, the husband cannot appeal from the order of affirmance, in his own name, without joining his wife in the appeal.

January 22. THIS was an application to dismiss the appeal of T. D. Foster and T. Dixon from a decision of a circuit judge, af-

firming the sentence or decree of the surrogate of Cayuga county by which the will of E. Wheedon had been established and admitted to probate upon the application of one of the executors. The grounds of this motion were that no petition of appeal had been filed, or transcript returned, within the time allowed by the rules of this court for that purpose. It also appeared by the affidavits in support of the motion, that the condition of the bond filed with the surrogate on this appeal was not made to conform to the provisions of the act of April, 1830, amending the former provisions of the revised statutes on that subject. From the surrogate's return, which was produced in opposition to the application, it appeared that neither of these appellants were the next of kin of the testator, or otherwise interested in his estate, except in the right of their wives who were not made parties to the appeal; and that the original appeal to the circuit judge was by "the next of kin of the testator," without any other names or descriptions, and was signed by N. Beardsley, as attorney for such next of kin. The notice of the application in the present case was to dismiss the appeal with costs, not only as to the executors but also as to three of the legatees named in the will; but it appeared by the affidavits in opposition, that none but the next of kin and the executors were parties to the proceedings before the surrogate, together with the husbands of such of the testator's daughters as were femes covert.

*S. M. Woodruff*, for the applicants.

*I. Williams*, for the appellants.

THE CHANCELLOR. The affidavit of the appellant's counsel shows a sufficient excuse for not having filed the petition of appeal, and procured the transcript, within the time allowed by the will; and as he has now filed both the petition of appeal and the transcript, the motion would be denied, if that were the only question in the case, upon the payment of the costs which had accrued to the executors at the time Mr. Porter's affidavit was shown to ther solicitor.

1838.

Foster
v.
Tyler.

1838.

Fosrer
v.
Tyler.

The appeal bond is not in the form required by the existing statute. By a mere inadvertence the original provision of the revised statutes prescribed a form for an appeal bond which was only applicable to the case of an appeal by a party resisting the probate of the will, but did not cover the case of an appeal from a sentence or decree against the validity of the will. (2 *R. S.* 66, § 56.) And as the bond, upon an appeal to this court from the decision of the circuit judge, was required to be in the same penalty and with the same condition as prescribed by law upon the appeal from the surrogate to him, the same defect would have existed in the appeal bond here where the circuit judge decided against the validity of the will. (2 *R. S.* 609, § 101.) The act to amend certain provisions of the revised statutes and in addition thereto, (*Laws of* 1830, *p.* 388, § 15,) having amended the section prescribing the form of the bond to be given upon an appeal to the circuit judge, so as to cover the case of an appeal by either party, the bond upon the appeal to this court must now be made to conform to this amendment of the revised statutes. A defect in the appeal bond, however, may be amended; and in this case it would be a matter of course to allow the appellants to amend their bond, if necessary; as it is very evident that the mistake in the condition of the bond was the error of the surrogate who approved the same. No amendment of this bond is requisite, however, as the condition thereof is sufficiently broad to make the sureties liable for any costs to which the respondents may be entitled on this appeal. It is not necessary that an appeal bond should conform in all respects to the form prescribed by statute. It is enough if it is sufficient in substance, so as to protect and secure to the party for whose benefit it is given all his rights. (2 *R. S.* 556, § 33.) It is only where it is so defective that it may not fully secure to him all his rights that an actual amendment of the bond is necessary. (4 *Paige's Rep.* 292.) Here the condition of the bond is to pay all costs which shall be taxed against the appellants *in the event of their failure on the appeal;* instead of being to pay such costs *in the event of their failure to obtain a reversal of the decision appealed*

*from.* And it is very evident that the appellants must fail on their appeal, within the express terms, as well as within the intent and meaning of their bond, if they do not obtain a reversal of the decree appealed from.

The objection to the entitling of the defendant's affidavits is not well taken. The notice of the appeal which is filed in the office of the surrogate, being general in its terms, it cannot be ascertained with any degree of certainty who the appellants intend to make parties to the same, until they have filed their petition of appeal here. Previous to that time, the affidavits and other papers may be entitled in the same manner as in the proceedings before the surrogate ; but after this court has become fully possessed of the case by the filing of a petition of appeal, showing who are the respondents as well as who are appellants, the papers as between such parties, must be entitled accordingly. (*Gardner* v. *Gardner*, 5 *Paige*, 170.) The affidavits on the part of the appellants which have been made since the filing of their petition of appeal, are therefore properly entitled in the appeal cause. And the order to be made on this application must be entitled in the same manner as the last mentioned affidavits.

Upon examining the surrogate's return I cannot perceive that the legatees who were not of the next of kin to the testator, were before the court as parties to the proceedings before the surrogate ; and they have not taken the proper steps to make themselves parties to this appeal. The application for probate of a will of personal estate may be made either by an executor or by any other person interested in the estate under the will. And where the executor institutes proceedings in his own name only, any other person who has an interest in establishing the will, and who would be precluded if the decision was against its validity, has an unquestionable right to intervene, and thus make himself a party to the proceeding, if he is unwilling to trust the protection of his rights to the party by whom such proceedings were instituted. (*Law's Pr. Eccl. Courts*, 70, *tit.* 29. *Cockburn, ch.* 6, § 12. *Conset, pt.* 6, *ch.* 1, § 1, *art.* 18, *p.* 274.) And they probably have the same right to

come in as interveners to protect their rights on appeal. But in either case they must come in by a petition, in the proper form, and make themselves parties to the proceedings, before they can be permitted to take any part therein. The application on the part of the legatees to dismiss this appeal is therefore irregular and unauthorized. It is good, however, as to the executors who were parties to the proceedings before the surrogate and the circuit judge.

There is a fatal objection to the appellants' right of appeal in this case, which appears upon the papers on the part of the respondents when taken in connection with the transcript of the proceedings as returned by the surrogate. And as this must necessarily defeat them ultimately, unless it can be remedied by an amendment of the appeal itself as well as the appeal bond, it appears to be useless to excuse their default in neglecting to file their petition of appeal and to procure the transcript in due time. The appeal in this case is by the husbands of two of the daughters of the testator, in their own names only as appellants, and not by them and their wives in the right of the latter. Whether the husband of an heir at law or distributee can in any case appeal in his own name, and without joining his wife in such appeal, is a question not necessary to be considered here. It is very clear that he cannot appeal from a decision of the circuit judge, in his own right, upon an affirmance of the sentence or decree of the surrogate, where the appeal from the latter to the circuit judge was only in the right of the wife as one of the next of kin of the testator. Here the appeal to the circuit judge, as appears by the notice of such appeal filed with the surrogate and returned with the transcript, was by the next of kin only. And if the husbands are to be considered as parties to that appeal, they were only such parties in right of their wives as two of the next of kin of the testator. Their wives therefore should have been joined with them as appellants in this court, in order to represent the same interest here. If the appeal to the circuit judge had been in the proper form, by naming the parties who appealed instead of describing them as the next of kin merely, by

which the infant was improperly made a party to the appeal, by her attorney instead of her guardian, this difficulty would probably not have occurred.

I have not examined the question whether the present appeal could be amended, by making the wives the appellants with their husbands, after the time limited by law for appealing had expired. I have, however, looked into the merits of the case so far as to satisfy me that the decisions of the surrogate and of the circuit judge were probably right ; so that if the appeal is amendable, it would be a useless expense to the parties to make an application to the court for that purpose. It appears from the evidence that the making of this will was probably the deliberate act of a stubborn headstrong old man, rather than the coerced act of a termagant wife. And the fact that he could not persuade one of his sons-in-law' to turn anti-mason, together with the interference of the friends of his children in his domestic concerns, probably had more effect in inducing him to disinherit those who were the natural objects of his bounty, than any real fear of the broom-stick ; with the application of which it appears his wife sometimes threatened him.

The motion of the executors to dismiss the appeal must therefore be granted. But as the notice of this motion was irregular as to some of the applicants, it must be without costs to either party.