## SUPREME COURT.

THOMAS SUFFERN, Appellant, agt. JOHN L. LAWRENCE, Adm . &c. of Isaac Lawrence, deceased, Respondent.

Where an appeal is taken from an order of the surrogate, and the petition of appeal is filed within the time prescribed by the rules of the court, (fifteen days) an application to the court under the former (83d) rule to dismiss the appeal, by a party whose interest is affected by the appeal, but who has not been made a party to the petition of appeal, must be made *upon notice.* That rule only authorizes an *ex parte* application to be made to the court, where *the petition of appeal has not been filed in time* (fifteen days); not where any of the proper parties have been omitted in the petition.

*New York Special Term, Nov.* 1848.—This was a motion to set aside an order dismissing the appeal in this cause. The appeal was from an order of the surrogate of New York, made on the 10th day of June, 1848, disallowing a claim of the appellant against the estate of Isaac Lawrence, deceased. The claim had been presented to the surrogate, in pursuance of a notice previously issued by him, of a further distribution of the proceeds of the real estate of the deceased; and requiring all persons having claims or demands against the estate, to exhibit them to

the surrogate at a time specified in the notice. The claim was contested before the surrogate by William Beach Lawrence, junior, who was the principal creditor of the estate. From this order an appeal was taken on the 8th of July, 1848, and within the time allowed by an order obtained for that purpose, a petition of appeal was filed, and a copy served upon the administrator of Isaac Lawrence, deceased, who alone in the petition of appeal was made respondent, and who duly answered the petition. On the 23d of September, 1846, William Beach Lawrence, junior, presented to the court, *ex parte*, a petition, stating that more than fifteen days had elapsed since the appeal was entered in the surrogate's court; that he had not been made a party to the petition of appeal filed in this court; that his interests were affected by the appeal filed with the surrogate; that he was a party to the proceedings before the surrogate; and praying that the appeal, so far as it affected his right, or stayed proceedings before the surrogate to his injury, might be dismissed with costs. An order was granted pursuant to the prayer of the petitioner.

W. C. NOYES, *for appellant.*

W. B. LAWRENCE, *for respondent.*

HARRIS, Justice.—The practice of this court requires notice of every application to be given to all the parties whose interest is to be affected by the determination of the question involved in such application. This is the general rule. (*Isnard* v. *Cazeaux*, 1 Paige, 39.) To this rule there are some exceptions. The 43d rule dispenses with such notices in the ordinary proceedings in a cause, where the defendant has not appeared therein. His omission to appear is to be regarded as a waiver of his right to notice of the proceedings against him. So the 8th rule provides, that upon an appeal from an order of a surrogate's court, if the appellant shall not within the time prescribed, file a petition of appeal, the appeal shall be considered as waived; and any party interested in the proceedings before the surrogate may thereupon apply to the court, *ex parte*, to dismiss the appeal with costs. It is under this rule that the regularity of the order of the 23d of September is sought to be defended; but I do not think the rule covers such a case. In *Halsey* v. *Van Amringe*, 4 Paige, 279, a motion was made, *upon notice* to the appellant, for leave to proceed before the surrogate, on the ground that the appeal had been waived by the omission of the appellant to file his petition of appeal within the fifteen days allowed by the rule for that purpose. The appellant was allowed to excuse his delay in filing the petition, and retain his appeal upon the

payment of the costs of the application. The chancellor, in deciding the question, says, " If such an appeal is deserted by the neglect of the appellant to file his petition of appeal in this court within the time prescribed by the rule; or if any person who would have been entitled to proceed on the sentence or order appealed from, if such appeal had not been entered, is not made a party to such petition of appeal by the usual prayer, that he may answer the same, the party whose proceedings are stayed must apply to this court for leave to proceed before the surrogate, notwithstanding the appeal. This case came before the court in December, 1833. In March following, the 118th rule, which corresponds with the present 83d rule, was amended so as to authorize any party interested in the proceedings in the court below to apply to the chancellor, *ex parte*, in case the petition of appeal is not filed within the time prescribed by the rule, to dismiss the appeal with costs. Until the adoption of this amendment, which took effect on the first of April 1834, it had never been the practice, in any case, to dismiss an appeal without notice to the appellant. The fact that an *ex parte* application is thus expressly authorized when the appeal is considered as waived by the omission of the appellant to file his petition of appeal, and that no such authority is given to a party whose interests are affected by the appeal, and who is not made a party to the appeal, shows, I think, that it was not intended to dispense with notice of the application when made upon the latter ground. The reason for such a distinction is obvious. In the one case the appellant may fairly be presumed to have abandoned his appeal. In the other, the fact that he has, in compliance with the rule, filed his petition, furnishes evidence of an intention to pursue it, though he may have erred in the selection of the proper persons to make parties to the proceeding. In such a case, he ought not to be precluded from amending his petition upon equitable terms.

There is a slight inaccuracy of expression in what the chancellor says in reference to the practice in such cases, in *Gardner* v. *Gardner*, 5 Paige, 170, which may have had the effect to mislead the party who obtained the order in question. In alluding to this inaccuracy, I shall, I am sure, be justified in saying that I do not recollect before to have met with a like instance in all the opinions of that distinguished equity judge. Accuracy in the use of terms, is characteristic of all his judicial writings; but in *Gardner* v. *Gardner*, which was a motion to dismiss an appeal, and which motion failed on the ground that the papers were not properly entitled, the chancellor takes occasion to say, that " if any party to the proceedings in the court below, whose interests are affected by the ap-

peal filed with the surrogate, is not made a party to a petition of appeal within fifteen days after the entering of the appeal in the court below, he may apply *ex parte* to dismiss the appeal as to him, with costs, so far as it stays the proceedings before the surrogate to his injury. The term "ex parte" has, I think inadvertently, been introduced into this remark, which would otherwise have been strictly correct. The learned chancellor does not seem for the moment to have distinguished between an application to dismiss an appeal for the omission of the appellant to file his petition, and an application by a party whose interests are affected by the appeal, for leave to proceed before the surrogate, notwithstanding the appeal, on the ground that though a petition of appeal may have been filed, he is not made a party in such petition. In that very case the motion was made upon *notice ;* and it was denied without prejudice to the right of "*the respondents,*" or any of them to renew the application.

I am inclined to think that the creditor upon whose application the order of the 23d of September was obtained, should have been made a party to the appeal. He appeared before the surrogate, and contested the appellant's claim. He was in fact the party chiefly interested in the question to be determined upon the appeal. I admit that it is not easy, in every instance, to determine whether a party should, or should not, be made a respondent in an appeal from an order or decree of a surrogate. Indeed, in this very case, I do not see that the creditor would have had any difficulty in protecting his rights under the administrator as the respondent in the appeal ; yet I think · he had such an interest as entitled him to be made a party to the proceedings, (*Gilchrist* v. *Rea,* 9 Paige, 66.) However this may be, the order was irregular for want of notice to the appellant, and must, therefore, be set aside with costs to be paid by William Beach Lawrence, junior. He is to be at liberty, however, to renew his application upon notice. The respondent having died since the argument, the order upon this decision may be entered as of the time when the motion was made.