## WALSH *vs.* RYAN.

*In the matter of proving the last Will and Testament of*
JOHN RYAN, *deceased.*

THOUGH the statute does not in terms give to any person the right to appear
and contest a will offered for probate, except the widow, heirs, and next of
kin, yet it is competent for a legatee under a will to oppose the proof of a
codicil, which purports to revoke his legacy given by the will.

A legatee is authorized by law to apply to have the will proved before the Sur-
rogate, and may in all cases appeal from his decision. Though it is not
necessary to cite the legatee to attend the probate, still he may at any time
*pendente lite* intervene for his interest.

R. S. EMMET, *for Executor.*
J. T. MILLS, *for Legatee.*

THE SURROGATE. The executor in this case propounds
a will and two codicils for probate. Ann Ryan, a legatee
named in the will, claims a right to intervene for her in-
terest, and oppose the proof of the first codicil, which re-
vokes the legacy given her by the will. The ground of
contestation is alleged fraud and undue influence. Our
statute gives no right to any party to appear and contest
the probate of a will, except the widow, heirs, and next of
kin. This is, however, undoubtedly on the principle,
that these are all the parties interested against admitting
the will, being the persons who would succeed to the es-
tate, in case of intestacy. If a will of admitted validity
gives legacies which by a codicil are taken away, it is
very apparent that the legatee becomes interested, to the
extent of the legacy, against the proof of the codicil; and
if there be ground for contesting the latter, there seems to
be no reason why the legatee should not be permitted to
come in and oppose. It is true, that formally speaking,
the executor represents all parties in interest under a will,
adversely to the heirs and next of kin, but he is not the

55

only person who can apply to have the will proved. The words of the statute are, "The executor, devisee, or legatee named in the last will, or any person interested in the estate, may have such will proved before the proper Surrogate." (2 *R. S.*, 3*d* ed., *p.* 126, § 47.) The right of appeal from the decision of the Surrogate is also expressly given to a legatee. (2 *R. S. p.* 130, § 70.) It is competent, therefore, for a legatee to make the application for probate, and even where it has been already made by the executor, to intervene for the purpose of having the will proved and his interests protected. By the English rule, a legatee cannot set up a will after it has been litigated between the executor and next of kin, and pronounced against, unless he can show an agreement to set aside the will by fraud or collusion. But if he is afraid the executor will not do justice, he may intervene for his interest pending a suit. (*Lewis* vs. *Bulkley*, 1 *Cas. Temp. Lee*, *p.* 513, *and* 190, *notes ; Bittleston* vs. *Clark*, 2 *Id.*, 250 ; *Hayle* vs. *Hasted*, 1 *Curt.*, 236 ; *Mansfield* vs. *Shaw*, 3 *Phill.*, 22 ; *Urquhart* vs. *Fricker*, 3 *Add.*, 58.) Of course, it follows that if the legatee can come in to have the instrument under which he claims, established, he has the right to oppose the probate of any other alleged will or codicil, which, if admitted, would conflict with his interest. (*Kipping* vs. *Ash*, 1 *Robert.*, 270.) If the legatee, therefore, files an application for the probate of the will, she must be permitted to intervene, and to oppose the proof of the codicil.