GILMAN, *appellant, vs.* GILMAN and McCLENAN, executors
&c., *respondents.*

Although it is the duty of the appellant, upon an appeal from an order of a
surrogate, to procure the surrogate's return, yet where the circumstances
are such as to show that the appellant could not obtain the return, nor take
any steps to procure it, or to compel the return, the court will not dismiss
the appeal without giving him further time to do so.

The heirs, next of kin and legatees of a decedent, in addition to the execu-
tors, are interested in sustaining an order of the surrogate admitting the
will to probate, and are therefore necessary parties to an appeal from such
order.

MOTION to dismiss an appeal from an order of the surro-
gate of New York, admitting the will of Nathaniel Gil-
man to probate. The order was entered on the 24th of May,
1861. It appeared from the affidavits that the notice of ap-
peal was entered in the court below on the 31st day of May,
1861, and a petition of appeal was served on the 2d day of
August, 1861. That up to the 10th day of September, there-
after, the return of the surrogate had not been filed in the
office of the county clerk, and that neither the appellant nor
her attorney had taken any steps to obtain such return from
the surrogate, or obtained an extension of time in which to
file the same. That the testator left several children and
grandchildren him surviving, who were named as legatees in
his will, and who were interested in sustaining the order ap-
pealed from, or some portions thereof; and that such chil-
dren and grandchildren were necessary and proper parties to
the appeal, yet that the only persons who were made parties
respondents were George F. Gilman and Edward McClenan,
the only two of the executors who had qualified. That the
appellant knew, at the time of entering the said appeal, of
the existence of the said several persons, and of their rela-
tions to the testator as his heirs and legatees, &c. The ap-
pellant attempted to excuse the delay and informality by an
affidavit of her attorney, which stated that the respondents
Gilman and McClenan were the only persons who had quali-
fied as executors; that at the request of the attorneys for the

Gilman *v.* Gilman.

respondents, the deponent had given them an extension of ten days time to answer the petition of appeal; that he, the deponent, had made all the necessary preparation to argue the appeal at the term of the court in September, 1861, and was anxious to argue the same; that on the 10th day of that month, the respondents' attorneys obtained an order of the court extending the time for answering the petition of appeal ten days after the decision of the motion to dismiss the appeal.

*Henry E. Knox* and *Wm. Fullerton,* for the motion.

*Jas. M. Smith* and *Wm. Tracy,* opposed.

*By the Court,* CLERKE, P. J. It is the duty of the appellant, undoubtedly, to procure the return from the surrogate. But when the circumstances are such as to show that the appellant could not obtain the return, or could not take any steps to procure it, or to compel the return, the court will not dismiss the appeal without giving him further time to do so.

In this case we think, although the delay was considerable, that the *laches* was not so great as to warrant the dismissal of the appeal.

The heirs, next of kin and legatees of the deceased, in addition to the executors, are interested in sustaining the order appealed from. They should therefore have been made parties to this appeal.

The appellant is permitted to amend by making such persons parties as he may be advised; and for this, and for the purpose of procuring the return, he may have twenty days from the entry and notice of the order to be entered hereon.

Motion denied, without costs.

[NEW YORK GENERAL TERM, September 16, 1861. *Clerke, Ingraham* and *Leonard,* Justices.]