By the Court.—Grover, J.
The bond given upon the appeal to the supreme court from the order of the surrogate was in the alternative, to the people or to the respondent. This was not such a bond as the statute requires. It should have been a bond to the respondent (2 Rev. Stat. 610, § 108). The court were authorized to dismiss the appeal upon this ground, and had they done so unqualifiedly, with costs, no error would have been committed. The defect was one clearly amendable, and the court could exercise this power of amendment upon the respondent’s motion to dismiss the appeal; and from the order made, they must be assumed to have determined to grant an amendment, if there was anything in the order which the appellants were entitled to have reviewed by the court, as the motion to dismiss the appeal was denied, unless the respondent within a specified time filed a stipulation modifying the same by striking out a part thereof, and paid to the executor, one of the appellants, ten dollars, costs of opposing the motion. The respondent made the requisite stipulation, and paid the costs, which were accepted by the executor. This acceptance by the latter, of these costs, was a waiver of his right of appeal from the order (Bennett v. Van Syckel, 18 N. Y., 481).
The other appellants had no right of appeal from the order. During the pendency of the proceedings for the probate of the will before the surrogate, they might-have intervened as parties, for the purpose of protecting their interest as legatees, and after the determination of the surrogate, admitting the will to probate, might have so intervened in the proceedings upon the appeal therefrom (Foster v. Foster, 7 Paige, 48). But whether they would so intervene, was a matter for their determination. They were in no respect necessary parties to a final determination of the question as to the validity of the instrument propounded as *101 a will. The executor who instituted the proceedings for the probate, represented the interest of all legatees, and they were bound by his acts, not having in any manner attempted to intervene until after the rendition of final judgment, determining that the instrument was not valid as a will. By this judgment they were concluded, and could not thereafter assert any rights under it as a will.
They had no interest whatever in the order made by the surrogate, and no right of appeal therefrom. The appeal was, therefore, properly dismissed as to them. There was nothing in the order as modified by the court, previous to the dismissal of the appeal, of which the executor could compiain.
Final judgment having been given against the validity of the will, the order revoked the record and probate thereof, as required by statute, and determined that the executor who had maintained the validity, should pay to the respondent the costs and expenses of the proceedings, reserving the question whether such costs and expenses should be paid, by the executor personally, or out of the estate, for future determination.
The statute (2 Rev. Stat., 67, § 62) gave to the surrogate the power of determining this question as to the payment of the costs and expenses, and vested him with a discretion therein, which is not made reviewable by any other court.
From the knowledge I have had officially of the litigation in various stages, I entertain no doubt that the surrogate, if the case is fairly presented to him, will determine that the costs and expenses shall be paid from the estate.
The order appealed from must be affirmed, with costs.
Order accordingly.