BENJAMIN COX, EXECUTOR, ETC., OF SAMUEL LEGGETT, DECEASED, APPELLANT, *v.* W. H. SCHERMERHORN, EXECUTOR, ETC., OF SAMUEL LEGGETT, DECEASED, RESPONDENT.

*Appeal from surrogate's decree — party respondent in — within what time, application to be made, is proper.*

The right of a party to apply for an order directing him to be brought in as a respondent in a pending appeal, taken from a surrogate's decree, is not affected by the fact that the time within which he could himself have appealed therefrom has expired.

APPEAL from an order made at the Special Term directing that Rebecca F. Willets be made a party respondent to an appeal, brought by the appellant from a decree of the surrogate of Queens county, made upon the final accounting of the executor of Samuel Leggett, deceased.

The appellant objected to the order on the grounds that the petitioner had no interest in the question presented by the appeal, and that the time within which she was entitled to appeal had elapsed before the application was made.

*Wm. H. Onderdonk,* for the appellant.

*Benjamin W. Downing* and *J. J. Armstrong,* for the respondent.

GILBERT, J. :

The papers do not show when the surrogate's decree was entered, nor when the time for appealing therefrom expired. It must, however, be assumed that this appeal was taken in time. But when an appeal has been taken by one party to the proceeding before a surrogate, other parties to such proceedings who are not made respondents, if they desire a review of the proceedings, may elect whether they will bring cross appeals or apply to be made respondents in the appeal already brought. The latter is the most convenient remedy; for the fifty-first rule of this court provides that the respondent in his answer to the petition of appeal in a case of this kind, may also specify any items in the account as to which he supposes the decree is erroneous as against him, and in favor of the appellant, and that upon the hearing of such appeal the decree may be modified as to any such items, in the same manner as if a cross appeal had been brought by such respondent. The manifest purpose of this provision was to discourage cross appeals, and to prevent the multiplication of unnecessary papers before the appellate court, and thereby facilitate the examination of the case. The appellant having appealed, there was no necessity for a cross-appeal by Mrs. Willetts. It is not improbable that she abstained from appealing because the other remedy was afforded her. However that may be, we think it is but just that she should be made a respondent in order that she may avail herself of that remedy. If the appellant desires to enforce against her the statutory limitation of the time of appealing, all he has to do is to abandon his appeal; on the other hand, if he prefers to prosecute his appeal, he ought not to be allowed to gain any advantage over Mrs. Willetts by omitting to make her a party respondent therein. Fur-

thermore, the respondent Schermerhorn may, as has been shown, obtain affirmative relief on the hearing of this appeal, and such relief may be prejudicial to the interests of Mrs. Willetts as declared in the decree of the surrogate. True, no modification of the decree would bind her unless she was a party to the appeal. Hence, that fact would necessarily limit the power of the court to grant relief to the actual respondent, or frustrate any relief which might be granted adversely to Mrs. Willetts. This illustrates the propriety of the rule that all persons should be made respondents who are interested in sustaining the decree. (4 Wait Pr., 350.) Upon every view which can be taken of the subject, it seems to me that Mrs. Willetts should have been made a respondent. The practice pursued by her to remedy the omission, to designate her as such, is correct. (*Gilman* v. *Gilman*, 35 Barb., 591 ; *Foster* v. *Foster*, 7 Paige, 48.)

The order appealed from should be affirmed, with costs and disbursements.

DYKMAN , J., concurred ; BARNARD, P. J., not acting.

Order affirmed, with costs and disbursements.