KINGS COUNTY.—HON. W. L. LIVINGSTON, SURROGATE.—
September, 1881.

### LAFFERTY *v.* LAFFERTY.

*In the matter of the probate of the will of* BERNARD
GILLAN, *deceased.*

The Code of Civil Procedure has no application to proceedings for probate, commenced by service of the citation on all the necessary parties in 1872.

The administrator of a mortgagee, in a mortgage executed by a devisee under a will, is a "person interested in the estate," within *Laws* 1837, ch. 460, § 4, and might "have such will proved before the proper Surrogate." He might, therefore, also intervene and ask to be made a party to proceedings instituted for its probate.

*It seems*, that section 2617 of the Code of Civil Procedure, giving such right of intervention to any person "interested in sustaining or defeating the will" merely formulates the pre-existing law.

One who has not been formally made a party to probate proceedings cannot make any motion therein.

*It seems,* that such proceedings do not abate by the death of all the parties, but may be revived by bringing in the successors to the rights and interests of 'the deceased parties.

THIS was an application to revive and continue proceedings for the probate of the will of decedent.

The petition of John Lafferty showed that proceedings for the probate of the will of Bernard Gillan were commenced, in January, 1872, by Anthony Gillan, one of the executors named in the will ; that Mary Gillan, the widow, and Sarah Lafferty, the only heir and next of kin of the decedent, were made parties thereto ; that one- witness was examined on January 22, 1872, and nothing further was done ; that the testator died in December, 1871, and by his will, after giving several small legacies, devised and bequeathed all the residue and remainder of his property, real and personal, to his wife ; that the said Mary Gillan, on January 2, 1872, mortgaged to Michael Lafferty a certain piece or parcel of land which had been devised to her by the will, to secure the sum of $400 ; that, of the parties to the proceedings for probate, Mary Gillan and Sarah Lafferty are dead ;—it not appearing whether Anthony Gillan is dead or alive, nor whether Thomas Gibney, the other executor of the will of Bernard Gillan, is living, nor who are the respective executors or administrators of Mary Gillan and Sarah Lafferty ; that Annie Lafferty, a daughter of Sarah Lafferty, and the wife of the petitioner, is the only heir and next of kin of Mary Gillan and of Sarah Lafferty ; that Michael Lafferty, the mortgagee, is dead, and the petitioner is the administrator of his effects.   The prayer of the petition was that a citation issue to the said Annie

Lafferty, to attend the continuation of the proceedings heretofore instituted for the probate of the last will and testament of Bernard Gillan.

M. F. McGOLDRICK, *for petitioner.*

THE SURROGATE.—The probate proceedings having been commenced by the service of the citation therein on all the necessary parties in 1872, the Code has no application to them (§ 3347, subd. 11 ; § 3348).

The petitioner's intestate was not a party to the proceedings and the question suggests itself whether the petitioner can make himself a party to them and ask that they be continued. Under the act of 1837, in force .before the Code, an executor, devisee or legatee named in any last will, *or any person interested in the estate,* might have such will proved (L. 1837, ch. 460, § 4). The petitioner in this case is neither an executor, devisee nor a legatee named in the will of Bernard Gillan, but he may be said to be a person interested in his estate. He is the legal owner of a mortgage on real estate which passes under Gillan's will, and as such has an interest in having said will proved. True, this mortgage has been executed since Gillan's death, by his devisee, but that is immaterial ; the object of the statute is to give the right to have the will proved to every person who is interested in having that done, by reason of his interest in the property which is the subject of the will, and that object would be frustrated in many instances, if the right given by the statute were limited to those having an interest in the property at the time of the death of the testator.

Take this very case : there is no one but the petitioner and the persons interested in the estate of his

intestate, who appear to have any interest in having Bernard Gillan's will proved.

As a person who may have the will proved under the statute before cited, the petitioner clearly has the right to ask to be allowed to intervene and become a party to the proceeding for the probate of the will, for the purpose of protecting his own interests (Booth v. Kitchen, 7 *Hun*, 255, 259, 260, 264; Walsh v. Ryan, 1 *Bradf.*, 433; Marvin v. Marvin, 11 *Abb. N. S.*, 97; Children's Aid Society v. Loveridge, 70 *N. Y.*, 387, 391; Turhune v. Brookfield, 1 *Redf.*, 220).

Section 2617 of the Code expressly gives that right to any person interested in sustaining or defeating the will, and I do not understand it as laying down a new rule, but only as formulating in this respect the law, as it existed before the Code went into effect.

But, as was held in Foster v. Tyler (7 *Paige*, 48, 52), the petitioner must first become a party to the proceedings, before he can make any motion or take any steps therein. To that end, he must amend the prayer of his petition, and ask to be allowed to intervene and become a party to the proceedings to prove the will of Bernard Gillan, and upon the petition so amended, an order will be made accordingly.

As I have said before, it does not appear whether the executor Anthony Gillan is dead or alive, but all the other parties to the proceedings are dead, and the next question therefore which presents itself is whether the proceedings for the probate of Bernard Gillan's will have abated or can be revived and continued. The authorities hold that they do not abate, but that they may be revived and continued by bringing in the persons who

have succeeded to the rights and interests of the deceased parties (Van Alen *v.* Hewins, 5 *Hun*, 44 ; *Redf. Prac.*, [2 ed.], 100). The petitioner, therefore, after having made himself a party to the proceedings for the probate of the will of Bernard Gillan, will be in a position to make a motion in said proceedings, upon the proper petition, asking that they may be revived and continued, and that the successors in interest, personal representatives and heirs (naming them) of the deceased parties may be cited to appear and attend the probate of said last will and testament (Van Alen *v.* Hewins, 5 *Hun*, 44, 47). Of course, Anthony Gillan, if living, must have due notice of such motion, as he is a party to the proceedings.

Ordered accordingly.