WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—May, 1882.

MATTER OF DUNN.

*In the matter of the probate of a paper propounded as the last will and testament of* HUGH S. DUNN, *deceased.*

A Surrogate's court has no power to make an order allowing the intervention of new parties to a contest over the probate of a will, where a decree has been rendered in the matter, and an appeal therefrom is pending.

Code Civ. Pro., § 2573, preserving the former rule, requires the application for such an order to be made to the appellate court, which has ample power in the premises, also by virtue of id., § 452.

JAMES L. MONTGOMERY, in behalf of himself and others claiming to be heirs-at-law and next of kin of the decedent, presented a petition alleging that they were such heirs, etc.; that they were not cited or in any way made parties to the proceeding instituted to prove the will of the decedent; that such will had been admitted to probate, and that, on an appeal, the decree so admitting the same was reversed, and a trial of the issues relating thereto, directed to be had at the Westchester circuit; that, on such trial, a verdict was given in favor of the proponent, from the judgment entered upon which the contestants appealed to the general term of the Supreme Court, which had recently reversed the same and granted a new trial; and that the petitioner, and those in whose behalf he made the application, were willing to be bound by all proceedings theretofore taken herein; and prayed for a citation, to be directed to the proponent, and the contestant who had appeared, "requiring them to show cause why an order should not be made in accordance with the prayer of the petition."

JOHN C. GULICK, *for petitioner.*

THE SURROGATE.—Doubtless, the petitioner intended to pray for an order allowing the petitioner and those whom he represents to intervene and become parties to the action now pending, or parties to the proceeding which was pending in this court. Believing such to be the order sought, and regarding it as having been properly prayed for, I think this court has no power to grant it. It was held in Foster v. Tyler (*7 Paige, 48*), that, in such case, the person desiring to be made a party must apply to the court in which the proceeding was, at the time, pending.

This was followed in Marvin v. Marvin (*11 Abb. Pr.*, *97*)..
These cases were decided when the R. S. were in force.
Under the present Code, I think the practice is in no
way changed, but is expressly recognized by § 2573,
which provides that such parties may be brought in by
an order of the appellate court. The Supreme Court is the
"appellate court" of the Surrogate's court, and it is in
that court this cause is now pending. Independently of
the section above cited, I think the Supreme Court has
ample power, under section 452 of the Code, to furnish
the relief supposed to be sought.

Ordered accordingly.