NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—February, 1883.

MERRITT V. JACKSON.

*In the matter of the judicial settlement of the account of* PETER A. H. JACKSON, *as executor of the will of* DEBORAH A. WESTERFIELD, *deceased.*

The acknowledged personal representative of a deceased party to a special

proceeding in a Surrogate's court should be allowed, on application, to intervene therein as his decedent's successor.

As to how far a determination of a Surrogate's court is binding on a deceased party's representative who is not made a party to the proceedings, *quære.*

APPLICATION by Abraham C. Merritt, administrator of the estate of Jane Merritt, late a party respondent to the executor's accounting, to be substituted as a party in the place of his decedent.

A. C. MERRITT, *in person.*

H. M. COLLYER, *for executor.*

THE SURROGATE.—I have been referred to no reported case, which decides how far orders and decrees of a Surrogate's court are binding upon the representatives of one who, having been a party to the proceedings, has died during their pendency, in cases where such representatives have not themselves subsequently been made parties.

But it seems eminently proper, even if it is not essential, that one who is the acknowledged representative of a party deceased, and who asks as such to intervene, should be allowed so to do. That course is sanctioned by Lafferty v. Lafferty (*5 Redf., 326*); Van Alen v. Hewins (*5 Hun, 44*); and cases cited.

Application granted.