Brady, J.
The petitioner sought to intervene in the proceedings for the probate of the will of Louis C. Hammersly, and his application rested upon the assertion, that a prior will was in existence at the testator’s death, in which he was named as a legatee or devisee, and which was still in existence or had been fraudulently destroyed. The sections of the Code applicable here are 2617, 2621 and 1865. ' By the first of these a legatee or devisee named in a will, may be allowed to appear, but the right to do so, is of no avail as appears from the other sections, when the object is to establish the prior will “ unless the will was in existence at the time of the testator’s death, or was fraudulently destroyed in his lifetime, and its provisions are clearly proved by at least two credible witnesses, a correct copy or draft being equivalent to one witness,” and it became necessary for him therefore by competent proof to establish his claim. He failed in both respects; not having shown either that *293 he was a legatee or devisee, or the provisions of the prior will as required by the statute. The sections referred to are not new. The rules embraced in them are only rehabilitated. 2 Rev. Stat. 68. sec. 67, Knapp v. Knapp, 10 N. Y., 278; Lafferty v. Lafferty, 5 Redf., 326; Grant v. Grant, 1 Sand. Ch., 235.
The petitioner urges by his counsel that circumstances creating the grave suspicion that the prior will was destroyed have been shown, and that the proponent of the will offered for probate should not only have been called upon to respond to the charge thus initiated, but that he should be permitted to prove declarations of the testator affecting the designed continuance by him of the prior will and the intention not to revoke it. The latter question has called forth the best efforts of the learned counsel for the petitioner, inasmuch as the learned surrogate rejected the evidence suggested after a deliberate consideration of its admissibility, expressing his views fully and maintaining their correctness by due authority.
It seems to be quite enough, however, for the purposes of this appeal to declare that the petitioner did not establish his right to intervene, under the rules governing his application for that purpose. He did not, as already said, prove that he was of any of the classes of persons as alleged by him, so interested or identified with the prior will, as to require a direction that he might intervene. And this failure of proof necessarily involved another, which in fact occurred, namely, to prove the provisions of the prior will, definitely or indefinitely. With these legal obstacles in limine, a discussion of the admissibility of evidence affecting the intention to revoke, would be obiter dictum, and. will not, therefore, be indulged in. In this case, however, it may be said that, in addition to the presumption of law, that a will proved to have had existence, and not found at the death of the testator, was destroyed, animo revocandi. Knapp v. Knapp (supra).
The later will now admitted to probate expressly revokes all former wills, and thus in terms unmistakable expresses the intention.
For these reasons, the order appealed from should be affirmed.
Van Brunt P. J., and Daniels, J., concur.