(4 App. Div. 429.)

## In re CORYELL'S WILL.

### In re RAFFERTY.

(Supreme Court, Appellate Division, Third Department. April 27, 1896.)

1. WILLS—WHO MAY CONTEST PROBATE—GRANTOR OF DEVISEE.

   A judgment creditor of a devisee, whose judgment is a lien on the real estate devised, and may be fully satisfied out of the same, but is otherwise uncollectible, is entitled to be made a party to a proceeding for the probate of an alleged codicil revoking the devise, since he is a person interested in defeating the codicil, within Code Civ. Proc. § 2617, providing that such interested person may appear, though not cited, and oppose or support the application for the probate.

2. SAME—WHO IS PERSON INTERESTED.

   Code Civ. Proc. § 2514, subd. 11, defining the phrase "person interested," as used in connection with an estate or fund, to be "every person entitled either absolutely or contingently to share in the estate or proceeds thereof or in the fund, * * * except as a creditor," does not exclude a judgment creditor of the devisee whose judgment is a lien on the real estate devised.

Appeal from surrogate's court, Albany county.

Proceeding for the probate of an alleged codicil to the will of Vincent Coryell, deceased. From an order denying the application of Dominick Rafferty to be made a party to the proceeding, said Rafferty appeals. Reversed.

By the last will and testament of the testator, as admitted to probate by the surrogate of the county of Tioga, January 27, 1890, E. Josephine Whitman was devisee of an interest in the real estate, situate in said county, of which the testator died seised. The appellant then had, and still holds, a judgment against said Josephine, docketed in said county February 14, 1889, for $417.91, which became and is a valid lien upon said real estate so devised, and can be fully satisfied out of the same, unless the paper now offered shall be probated as a codicil to said will, in which case the said devise to Josephine will be superseded, and the appellant's judgment be uncollectible. Application was made July 2, 1895, to the surrogate of said county, for the probate of said codicil, and thereupon proceedings were instituted for the probate thereof. The appellant was not cited, but, as judgment creditor of said Josephine, he thereupon applied to the surrogate, upon a verified petition alleging the facts above set forth, for leave to appear in the proceedings and contest the probate. The surrogate denied the application, and this appeal is from the order of denial. It appears that Josephine is a lunatic.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

F. C. Hill, for appellant.
Frederick Collin, for respondent.

LANDON, J. The appellant now has, prima facie, a lien upon real estate of which E. Josephine Whitman has prima facie the legal title. It is proposed to destroy this prima facie lien by probating a codicil to the will of Josephine's father, which will was duly probated five years ago. The surrogate's order denies to the appellant leave to appear and contest the proposed probate; thus denying to him the right to resist at the threshold, where it can best be done, the attack upon his prima facie right. Section 2617, Code Civ. Proc., provides:

"Any person, although not cited, who is named as devisee or legatee, in the will propounded, or as executor, trustee, devisee or legatee in any other paper purporting to be a will of the decedent, or who is otherwise interested in sustaining or defeating the will, may appear, and at his election support or oppose the application."

We think the appellant is within the letter of the statute, and clearly within its spirit. Lafferty v. Lafferty, 5 Redf. 326; Turhune v. Brookfield, 1 Redf. 220; Walsh v. Ryan, 1 Bradf. (Sur.) 433. In Re Brown, 47 Hun, 360, it was held that the receiver of the property of a judgment debtor could not contest the probate of the will of the wife of the debtor, although, if probate should be denied, the debtor would come into property enough to pay his debts. The difference between compelling a debtor to acquire property enough to satisfy his creditors, and disabling the creditor to protect the lien which he has already acquired upon his debtor's property, is apparent. Section 2514, subd. 11, is cited as limiting the meaning of a "person interested." It declares that when the expression "is used in connection with an estate or fund [it] includes every person entitled either absolutely or contingently to share in the estate or the proceeds thereof, or in the fund, as husband, wife, legatee, next of kin, heir, devisee, assignee, grantee or otherwise, except as creditor." Whether a will is admitted to probate, or not, does not affect the creditor of the decedent. He therefore need not be a party. The inclusion of the parties named is not the exclusion of those also included by the terms of section 2617 of the same chapter of the act. Section 2617, in addition to the parties therein enumerated, includes a party who is interested otherwise than are the enumerated parties in sustaining or defeating the will. We think, under the circumstances, the appellant is such a party.

The order of the surrogate is reversed, with $10 costs and disbursements against the proponent, and leave is granted to the appellant to appear and contest the probate. All concur.