(95 Misc. Rep. 145)

WEISS et al. v. MEYER.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

1. SALES ⟜181(11)—DELIVERY—SUFFICIENCY OF EVIDENCE.

In an action for goods sold and delivered, evidence that plaintiff had accurately filled orders, packed goods in boxes, rendered correct bills, intrusted the goods to a delivery boy, and received back receipts initialed by defendant's clerk, who checked the goods only as to prices, *held* not to establish delivery.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 486, 487, 490; Dec. Dig. ⟜181(11).]

⟜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. WITNESSES ⊕149(1)—TESTIMONY TO CONVERSATION OF DECEASED PERSON.
    In an action for goods sold and delivered, testimony by plaintiff to
    conversation with defendant's deceased partner is inadmissible, under
    Code Civ. Proc. § 829, prohibiting testimony of a party in his own behalf
    against the survivor of a deceased person.
    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 555; Dec.
    Dig. ⊕149(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Harold Weiss and another against Isaac L. Meyer. Judgment for plaintiffs, and defendant appeals. Reversed, and new trial ordered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Sam L. Cohen, of New York City (Leon Mintz, of New York City, of counsel), for appellant.

Alexander Wolf, of New York City (Maxwell M. Schenkel, of New York City, of counsel), for respondents.

BIJUR, J. Plaintiffs sued for goods sold and delivered. The answer, in addition to denials, sets up a fraudulent scheme to deceive defendant as to the amount of the deliveries. Plaintiffs were button makers, and defendant a manufacturer of ladies' coats. Appellant contends that plaintiffs failed to prove delivery, and failed to prove the agreed purchase price; that there was error in the admission of evidence of one of the plaintiffs as to his conversations with defendant's deceased partner; that there was error in excluding defendant's "garment register" from evidence; and that error was committed in permitting one of the plaintiffs to read from their carbon copy bills under the guise of refreshing his recollection.

In order to prove delivery, one of the plaintiffs testified that he received order slips from defendant; that he made up corresponding boxes of buttons, and sent these boxes back by a delivery boy to defendant, with the original bills, the order slip, and a receipt. Plaintiff then called one of defendant's employés. She testified that these receipts were initialed by her and the bills were "checked" by her. She testified later, however, that the "checking" on the bills was solely as to prices, and not as to quantities, and she also testified that, although she received merchandise, she did not know whether it was the quantity covered by the bill, and that she never examined or counted the buttons. The receipts never specified the quantities of buttons, but read merely "one package." The delivery boy was not called to testify.

[1] It is quite evident that all that plaintiffs established by this testimony was that they had received orders from the defendant; that these orders had been accurately filled, the goods packed to correspond, and a correct bill made out. But there is no proof of delivery, or competent proof of the agreed price. Such inference as might ordinarily be drawn from defendant's retention of the bills is destroyed by the absence of proof on the part of the plaintiffs of what defendant did with the bills and the positive evidence on defendant's part that before the last bills were received (none being payable until the end of the

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

month) protest was made as to the quantities of the goods, and this suit resulted.

[2] In order to further show an agreed value, one of the plaintiffs testified to a conversation with defendant's deceased partner. This is clearly inadmissible under section 829 of the Code of Civil Procedure, provided that a person interested in the event shall not be examined as a witness in his own behalf against the survivor of a deceased person, which has been held to refer to a surviving partner. Manning v. Schmitt, 4 App. Div. 131, 38 N. Y. Supp. 640; Green v. Edick, 56 N. Y. 613. See Comstock v. Hier, 73 N. Y. 269, 29 Am. Rep. 142; Adams v. Morrison, 113 N. Y. 152, 20 N. E. 829.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.