In the Matter of the Estate of MATILDA B. BEINHAUER, Deceased.

Surrogate's Court, New York County, April, 1922.

**Wills — probate — trustee in bankruptcy of disinherited sons not interested party.**

Where two sons of testatrix, who prior to her death had been adjudicated bankrupts, were by a codicil to her will excluded from any participation in her estate, their trustee in bankruptcy is not an interested party to a proceeding for the probate of the will, and a motion to dismiss his objections filed upon the proceedings will be granted.

MOTION to dismiss objections to petition for probate of will.

*Thompson, Koss & Warren* (*George Flint Warren, Jr.*, of counsel), for petitioner.

*Yankauer & Davidson* (*Sidney J. Loeb*, of counsel), for trustee in bankruptcy.

FOLEY, S.   The proponent moves to dismiss the objections filed in this probate proceeding by the trustee in bankruptcy of two of the sons of the testatrix.   The codicil offered with the will excludes these two sons from any participation in the estate.   The petition in bankruptcy was filed and the adjudication occurred prior to the death of the testatrix.   The son Gustavus was adjudicated a bankrupt on July 18, 1921, and the son Edward, August 11, 1921.   The testatrix died on January 9, 1922.   After the commencement of the probate proceeding the trustee filed objections, claiming to represent the bankrupts' interests as next of kin.   The motion to dismiss is granted.

The trustee in bankruptcy is vested only with the title to the property, which the bankrupt had at the date of adjudication. Bankruptcy Act, § 70a; Collier Bankruptcy [11th ed.], 1112. Property not then owned, but acquired after adjudication, does not vest in the trustee but becomes the bankrupt's clear of the claims of creditors. The next of kin acquired no interest, nor the right to contest the testamentary disposition of their mother until her death. This is so regardless of any provision in their favor in the will, which was subsequently revoked by the terms of the codicil. The federal courts have repeatedly held that the legacies or distributive shares accruing by the death of a decedent after adjudication do not vest in the trustee. *Matter of Swift*, 259 Fed. Rep. 612; *Matter of Woods*, 133 id. 82. This rule has likewise been applied to curtesy and dower, which vests in the trustee only where death occurs prior to the filing of the petition. *Hesseltine* v. *Prince*, 95 Fed. Rep. 802. *Matter of Coryell*, 4 App. Div. 429, cited by the objectants, is not applicable, since the person filing objections there was the receiver in supplementary proceedings on a judgment which became a lien upon the property of the bankrupt, acquired by her through the will of her father.

Subdivision 5 of section 70a of the Bankruptcy Act confers upon the trustee title to property which the bankrupt by any means could have transferred or which might have been levied upon or sold by judicial process. It confers no right upon the trustee here, since there was no vested interest in the next of kin until the death of their mother. *Matter of Seal*, 261 Fed. Rep. 112. There mere expectation of acquiring property does not constitute property or title to property, and, therefore, cannot be transferred or levied upon. The trustee is, therefore, not an interested party in this proceeding under Surrogate's Court Act, §§ 147, 314, subd. 11.

Submit order accordingly.

Ordered accordingly.