In the Matter of the Estate of ELIZABETH FRANCUSZKIEWICZ, Also Known as ELIZABETH FRANCIS and as ELIZABETH KIWICZ, Deceased.

Surrogate's Court, Richmond County, June 29, 1942.

*Coakley & Higgins*, for the New York Casualty Company, petitioner.

*Braisted & Braisted*, for the executor.

BOYLAN, S. This is an application by the New York Casualty Company, a judgment creditor of a distributee, to set aside the probate of the will of decedent on the ground that it was not listed in the petition for probate as a party interested in the proceeding and not cited therein and on the further ground that at the time the instrument was executed the decedent lacked testamentary capacity and was under undue influence.

On the return day of the citation the executor moved to dismiss the proceeding on the ground that the petitioner, a judgment creditor of a distributee, who was substantially disinherited by the will, has no standing to move for the revocation of the probate.

Section 140 of the Surrogate's Court Act sets forth who must be

cited on the probate of a will. Section 314 of the Surrogate's Court Act sets forth who are interested parties to a proceeding. The petitioner in this proceeding is not an interested party and need not have been cited in the probate proceeding.

The petitioner cites *Matter of Coryell* (4 App. Div. 429) as authority for the proposition that it is an interested party and, therefore, can make this application. In that case the petitioner, a judgment creditor of a devisee, did not make an application to vacate a decree but petitioned to intervene in a proceeding to probate a codicil which would have eliminated the devise to the judgment debtor. In *Matter of Brown* (47 Hun, 360) the court held that the receiver of the property of a judgment creditor could not contest the probate of the will of the wife of a debtor, although if probate should be denied, the debtor would come into property sufficient to pay the judgment.

In the *Coryell* case the court pointed out the distinction in these cases when it said, " The difference between compelling a debtor to acquire property enough·to satisfy his creditors, and disabling the creditor to protect the lien which he has already acquired upon the debtor's property, is apparent."

The petitioner contends that, even if it is not an interested party, the court should now invoke section 144 of the Surrogate's Court Act, which provides that before admitting a will to probate the surrogate must inquire particularly into all the facts and circumstances and must be satisfied with the genuineness of the will and the validity of its execution. This was an uncontested probate, so the material facts were supplied by the *ex parte* proof of the witnesses to the will. On such a probate the surrogate must be satisfied as to the genuineness, and, if it appears to the surrogate that the will was duly executed, that the testator at the time was competent to make a will and was not under restraint, the will must be admitted to probate. (*Matter of Davis*, 182 N. Y. 468, 474.)

The court does not agree with the contention that it should now invoke section 144 of the Surrogate's Court Act and inquire into all the facts and circumstances. This section only applies as it states " Before admitting a will to probate." The surrogate has the power and duty to inquire into the facts and circumstances before the will is admitted to probate and unless he is satisfied as to its genuineness and the validity of its execution will not admit the will to probate. Even though the court did have power to set aside this decree and hold " an inquiry " and did come to the conclusion that there were controverted questions it would then have to direct the filing of objections. (*Matter of Browning*,

248 App. Div. 97.) But whom could it direct to file objections so as to make the direction effective, all interested parties having consented to the probate? In the *Browning* case (*supra*) the appellate court admitted the proceeding to the Surrogate's Court where objections were to be filed by the Title Guarantee & Trust Company or *by any other party in interest* within the meaning of the Surrogate's Court Act. No case has been brought to the attention of the court wherein a decree of probate was set aside on the application of a disinterested party because of the provisions of section 144 of the Surrogate's Court Act.

The petitioner has brought to the court's attention facts which, if true, would indicate that the will should not have been admitted to probate. The question is should the court disturb its decree on the petition of one who is disinterested in the proceeding. Section 80 of the Surrogate's Court Act reads: " Force and effect of a decree of Surrogate's Court. Every decree of a Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained. To such decree there is attached all the presumptions pertaining to a judgment rendered by a court of general jurisdiction in a common law action." (Amd. by Laws of 1938, chap. 157.)

The court is of the opinion that if it allowed a disinterested party to set aside a decree admitting a will to probate it would promote endless and unnecessary litigation and cause complete uncertainty in the administration of estates.

When the surrogate is satisfied and admits a will to probate the decree will not be disturbed unless the application is made by a party interested in the proceeding, in which event the decree could be set aside upon proper proof shown.

As hereinbefore determined, the petitioner, New York Casualty Company, is not an interested party and has no standing to move for the revocation of the probate. The petition is, therefore, dismissed.