In the Matter of the Probaté of the Will of JANE DAVIS, Deceased.

ROBERT D. CHITTENDEN et.al., as Administrators of the Estate of JANE DAVIS, Deceased, Appellants and Respondents; GEORGE W. FRENCH et al., Respondents and Appellants.

1. WILL — WHEN FOREIGN ADMINISTRATOR OF DECEDENT MAY INTERVENE UPON PROBATE OF DECEDENT'S WILL IN THIS STATE (CODE CIV. PRO. § 2617). The administrator of a deceased resident of this state, appointed by a foreign state to represent the estate of decedent as one of the heirs at law and next of kin of a deceased resident of that state, is a proper party under the statute (Code Civ. Pro. § 2617) in a subsequent proceeding here for the probate of an alleged will of the deceased resident of this state and is entitled to intervene in such proceeding and oppose the probate of such will.

2. WHEN PROBATE THEREOF CANNOT BE DEFEATED BY DEATH OF THE SOLE DEVISEE, LEGATEE AND EXECUTRIX BEFORE DEATH OF TESTATRIX (CODE CIV. PRO. § 2623). Where all the facts required by statute (Code Civ. Pro. § 2623) to be proved upon the probate of a will have been proved to the satisfaction of the surrogate, its probate cannot be defeated upon the ground that the sole devisee, legatee and executrix named therein had died before the testatrix; whether the will is effective to pass property or to appoint an executrix is a question to be determined after its probate.

*Matter of Davis*, 105 App. Div. 221, 636, affirmed.

(Submitted October 5, 1905; decided October 17, 1905.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered May 2, 1905, which affirmed a decree of the Saratoga County Surrogate's Court admitting to probate the will of Jane Davis, deceased. Also appeal by permission from an order of said Appellate Division, entered May 2, 1905, which affirmed an order of said Surrogate's Court permitting the administrators of the intestate, appointed in another state, to intervene.

Jane Davis, a resident of Galway in the county of Saratoga, died on the 19th of September, 1904, leaving a last will and testament by which she devised and bequeathed all her property, both real and personal, to her sister, Delia C. Davis, whom she also appointed sole executrix. The only other provision of the will was a clause revoking all former wills by her made. At the time of her death the testatrix was an heir at law and one of the next of kin of Samuel Davis who had recently died a resident of San Francisco, California, and whose estate of not less than two million dollars was then under administration in that state. When the will was presented for probate to the surrogate of Saratoga county, Robert D. Chittenden, the public administrator of Fresno county, California, applied for permission to intervene and be made a party to the proceeding upon the ground that on the 3rd of October, 1904, he had been appointed administrator of the goods, chattels and credits of Jane Davis in the county of Fresno and that he had entered an appearance in the settlement of the estate of said Samuel Davis. The application, although opposed, was granted, and thereupon said administrator filed objections to the probate of the will upon the ground, among others, that as Delia C. Davis, the sole devisee, legatee and executrix therein named had died two years before the testatrix, the will passed no property and was ineffectual for any purpose. Probate was made, however, and an appeal was taken to the Appellate Division by the proponents of the will from the order permitting the administrator to intervene and by the administrator from the decree of probate. Both the order and the decree were unanimously affirmed and the unsuccessful parties appealed to this court.

The Appellate Division allowed the appeal from said order and certified the following question for determination : " Should an administrator of the estate of a deceased person appointed by a foreign state under a claim that the decedent died intestate be allowed to intervene in a proceeding for the probate of the alleged last will and testament of the said decedent pending in the courts of this state and to oppose such probate ? "

*Elias H. Peters* and *John H. Burke* for Robert D. Chittenden, administrator, appellant and respondent. The appellant, Robert D. Chittenden, as administrator of Jane Davis, was a person interested in the will presented for probate, and as such was entitled to intervene in the probate proceedings. (*Matter of Davis*, 45 Misc. Rep. 306 ; *Gombault.* v. *Public Administrator*, 4 Bradf. 226 ; *Matter of Greeley*, 15 Abb. [N. S.] 393 ; Code Civ. Pro. § 2617 ; Redf. on Surr. [6th ed.] § 104 ; Williams on Executors, 285 ; *Matter of Coryell*, 4 App. Div. 429 ; *Matter of Cornelius*, 14 Ark. 675.) The surrogate had no power to admit the instrument in question to probate as the same disposed of no property, real or personal. (*Riggs* v. *Cragg*, 89 N. Y. 480.) As no property passed under the instrument offered for probate, the sole legatee and devisee named therein having died before the testatrix, the instrument is not a will within the meaning of the statutes. (Jarman on Wills, ch. 11 ; Underhill on Wills, 7 ; Schouler on Wills [3d ed.], § 1 ; 4 Kent's Comm. 489 ; Pritchard on Wills & Admrs. § 2 ; 1 Redf. on Wills, § 2 ; *Woods' Estate*, 36 Cal. 75 ; *Hubbard* v. *Hubbard*, 12 Barb. 153 ; *Vorman* v. *Powers*, 8 L. R. A. 39 ; Black's Law Dict. 1241 ; Bouvier's Law Dict. ; *Ferris* v. *Neville*, 89 Am. St. Rep. 486 ; Rice on Probate Law & Practice, 99 ; *Frew* v. *Clark*, 80 Penn. St. 170 ; *Matter of Wells*, 113 N. Y. 396 ; *Van Buren* v. *Dash*, 30 N. Y. 393 ; *Thurber* v. *Chambers*, 66 N. Y. 42 ; *Kimball* v. *Chappel*, 27 Abb. [N. C.] 437.)

*John L. Henning* and *Irving W. Wiswall* for Thomas M. Dungan, administrator, appellant and respondent. The probate of this will may result in interfering with the appellant's

possessory right of the defendant's property, and interfere with his rights to administer the decedent's estate, and, therefore, the appellant has a sufficient interest in the subject to entitle him to bring this appeal. (*Gombault* v. *Public Administrator*, 4 Bradf. 226; *Matter of Greeley*, 15 Abb. [N. S.] 393; Code Civ. Pro. § 2617.) Probate of the will should have been denied, and the decree admitting the will to probate should be reversed, for the reason that no property, real or personal, can pass under the will or by its terms, nor is there a person in being who can qualify as executor or carry out any of its provisions. (*Riggs* v. *Palmer*, 115 N. Y. 506; *McDowall* v. *Sheehan*, 129 N. Y. 200.)

*Edgar T. Brackett, Hiram C. Todd* and *Halstead H. Frost, Jr.*, for George W. French et al., respondents and appellants. The administrator appointed in Fresno county, California, should not have been permitted to intervene. (*Matter of Hickman*, 101 Cal. 609; *Hemsted* v. *Ferry*, 107 Iowa, 117; *Matter of Sanborn*, 98 Cal. 103; *Gombault* v. *Public Administrator*, 4 Bradf. 226; *Matter of Greeley*, 15 Abb. [N. S.] 393; *Matter of Chittenden*, 1 Tucker, 220; *Terhune* v *Brookfield*, 1 Redf. 220; *Watson* v. *Alderson*, 146 Mo. 333; *Matter of Cornelius*, 14 Ark. 675.) The paper writing offered for probate is the will of Jane Davis, deceased. (*Hubbard* v. *Hubbard*, 12 Barb. 148; Jarman on Wills [3d Am. ed.], 13; *Ferris* v. *Neville*, 89 Am. St. Rep. 480; *Reagan* v. *Stanley*, 11 Lea, 316; *Matter of Wood*, 36 Cal. 75; *Barber* v. *Barber*, 17 Hun, 72; *Jolliffe* v. *Fanning*, 10 Rich. [S. C.] 186; *Lucas* v. *Parsons*, 24 Ga. 640; *Frew* v. *Clark*, 80 Penn. St. 170; Rice on Probate Law & Practice, 100; *Williams* v. *Noland*, 10 Tex. Civ. App. 632; *Matter of Morton*, 3 S. & T. 632.) The surrogate has no power prior to the probate of a will to take proof of the death of a beneficiary or executor or to construe the provisions of said will. (*Matter of Hickman*, 101 Cal. 609; *Matter of McLaughlin*, 1 Tucker, 79; *Matter of Merriam*, 136 N. Y. 58; *Wade* v. *Holbrook*, 2 Redf. 378; *Riggs* v. *Cragg*, 89 N. Y. 479; *Washburn* v. *Cope*, 144 N. Y. 287; *Matter of Raymond*, 73 App. Div. 11.)

VANN, J. The able opinion below leaves little for us to say, and our only reason for saying anything is that the novelty of the questions presented may make a brief expression of our views useful to the profession.

1. The right of the surrogate to make the order of intervention depends upon the Code of Civil Procedure, which, after naming the persons who must be cited upon a petition for the probate of a will, provides as follows: "Any person, although not cited, who is named as a devisee or legatee in the will propounded, or as executor, trustee, devisee or legatee in any other paper purporting to be a will of the decedent, *or who is otherwise interested in sustaining or defeating the will*, may appear, and, at his election, support or oppose the application. A person so appearing becomes a party to the special proceeding. But this section does not affect a right or interest of such a person unless he so becomes a party. And in case the will propounded for probate is opposed, due and timely notice of the hearing of the objections to the will shall be given, in such manner as the surrogate shall direct, to all persons in being, who would take any interest in any property under the provisions of the will, and to the executor or executors, trustee or trustees named therein, if any, who have not appeared in the proceeding, and any decree in the proceeding shall not affect the right or interest of any such person unless he shall be so notified." (Code Civ. Pro. § 2617.)

The statute in authorizing a person " who is otherwise interested in sustaining or defeating the will " to appear and at his election to support or oppose its probate, means only a person who has a pecuniary interest to protect, either as an individual or in a representative capacity. An interest resting on sentiment or sympathy, or on any basis other than the gain or loss of money or its equivalent, is not sufficient, but any one who would be deprived of property in the broad sense of the word, or who would become entitled to property by the probate of a will, is authorized to appear and be heard upon the subject. Conflict of jurisdiction and delay in administration may thus be avoided. This accords with the general

rule that every one may ask to be heard before a decree is made which may affect his rights, even if it does not finally determine them. Necessary parties must be brought in and proper parties may be, upon applying in due form and season. The section is new and in some respects formulates, but in others amplifies, the practice existing before the Code. (*Foster* v. *Foster*, 7 Paige, 48; *Matter of Greeley*, 15 Abb. Pr. [N. S.] 393; *Estate of Bunce*, 15 N. Y. S. R. 415; Dayton on Surrogates, 158; Williams on Executors, *295.)

As was said by the learned surrogate in his opinion, "the right to administer the estate is a sufficient interest in this state to entitle the person in whom it is vested to contest the probate of a will." The administrator in California was authorized by a decree of the proper court in that state to take possession of the assets of the deceased in his county, to convert them into money and to distribute the proceeds according to law. That decree was granted before any application had been made to prove the will. The assets were of great value and the administrator had a personal interest to the extent of his fees for services already rendered, and a much more important interest as the representative of others, for if there was no will, he had exclusive jurisdiction and control of all the personal property of the decedent in the county of Fresno, California, for the purpose of administration. He represented the beneficiaries, who were the substantial owners of the property. Probate of a will, however, would deprive him of power to administer and leave the validity of all his acts before he heard that there was a will open to question. He had an interest to protect and the right to become a party to the proceeding, so as to see that no paper purporting to be a will of the decedent was admitted to probate unless it was genuine and executed by a competent person according to law.

The practice in this state, so far as it has been established, is in accord with these views. Thus, intervention has been allowed by a legatee under a prior will, although he was neither an heir at law nor next of kin of the testator (*Tur-*

*hune* v. *Brookfield*, 1 Redf. 220); by the executors under a prior will, even when the parties beneficially interested had released their interest (*Matter of Greeley*, 15 Abb. Pr. [N. S.] 393); by a public administrator when the decedent left no known next of kin, and by the attorney-general when he left no known heir at law (*Gombault* v. *Public Administrator*, 4 Bradf. 226); and by a judgment creditor of a devisee under a will when there was a purported codicil which took away the devise (*Matter of Coryell*, 4 App. Div. 429).   In *Matter of Brown* (47 Hun, 360) it was held that the receiver of the property of a judgment debtor could not contest the probate of the will of the wife of the debtor, although if probate should be denied the debtor would come into property enough to pay his debts, but Judge LANDON, in commenting on this case in *Matter of Coryell* (*supra*), pointedly said : "The difference between compelling a debtor to acquire property enough to satisfy his creditors, and disabling the creditor to protect the lien which he has already acquired upon his debtor's property, is apparent." We think that the order permitting the administrator to intervene was properly made.

2. Upon the trial before the surrogate the only ground relied upon to defeat probate of the will was the fact that the sole devisee, legatee and executrix named therein had died before the testatrix.   The surrogate was not asked to construe the will or to pass upon its effect but to adjudge that it was not a will.   It was not claimed that the instrument presented for probate was not a will in form or that it was invalid upon its face.   The sole claim was that upon proof of an extrinsic fact it became apparent that the will was not effective to pass property or to appoint an executor, although it was effective as a revocation of all former wills.

The Code provides that " before admitting a will to probate, the surrogate must inquire particularly into all the facts and circumstances, and must be satisfied with the genuineness of the will, and the validity of its execution." (Code Civ. Pro. § 2622.) The old statute provided that the surrogate should be satisfied with the " genuineness and *validity* " of

the will and the limitation in the present statute is significant. (L. 1837, ch. 460, § 17.)

The Code further provides that : " If it appears to the surrogate that the will was duly executed ; and that the testator, at the time of executing it, was in all respects competent to make a will, and not under restraint ; it must be admitted to probate, as a will valid to pass real property, or personal property, or both, as the surrogate determines, and the petition and citation require, and must be recorded accordingly." (Code Civ. Pro. § 2623.) All these facts were duly proved and not one of them was contested. The surrogate, therefore, had no discretion but was required to admit the will to probate. The next section provides that : " If a party expressly puts in issue, before the surrogate, the validity, construction, or effect of any disposition of personal property, contained in the will of a resident of the State, executed within the State, the surrogate must determine the question, upon rendering a decree ; unless the decree refuses to admit the will to probate, by reason of a failure to prove any of the matters specified in the last section." (Id. § 2624.) It follows by reasonable implication from this section that the surrogate had no power to refuse to admit the will to probate unless there was a failure to prove one or more of the matters specified in section 2623. The statute contemplates that unless the will is admitted to probate there is no power to construe it. Probate logically precedes construction, for otherwise there is no will to construe. There is no authority to construe the will for the purpose of defeating probate, although it may be examined to discover its bearing upon questions relating to its execution, the capacity of the testator and the like. Were the rule otherwise singular results might follow. If the only disposing clause of a will should devise and bequeath all the property of the testator to a trustee for one hundred years, the surrogate could not refuse to admit it to probate because the gift was void under our statutes, although it would be apparent upon the face of the instrument. It would be his duty to admit the will to probate upon due proof of the statutory requirements, and, if asked to construe it, to pass upon the validity of the gift afterward.

We have a statute which provides that a devise to a child shall not lapse even if the devisee dies before the testator, provided he leaves a descendant who survives the testator, and that such a devise shall vest in the surviving descendant the same as if the "devisee had survived the testator and had died intestate." (2 R. S. 66, § 52.) Upon the trial of a proceeding to prove a will the surrogate could not try the question of fact as to who died first, which might arise under this statute, even if the validity of the only gift in the will depended wholly upon it. The same would be true of an issue as to marriage or divorce, where the status of marriage determined the effect of the only devise or bequest. Such issues are immaterial in a proceeding to prove a will and there is nothing in the statute, which is the exclusive source of the surrogate's authority, to show that the legislature intended to clothe him with power to decide them. We agree with the learned Appellate Division that, "The true rule of law is that when a paper, unrevoked, testamentary in character, purporting on its face to devise or bequeath real or personal property, executed according to the formalities of the statute by a person of proper age and qualifications and shown satisfactorily to be of sound mind and not under restraint, is presented to a Surrogate's Court for probate, such court has no authority upon the question of its admission to probate to inquire whether the provisions of the paper are ineffectual to pass title because the sole beneficiary and executor is dead and the devise or bequest has thereby lapsed, or because the provisions of the instrument are ineffectual to pass title to the person named. Any other rule would lead to confusion and to the introduction of false issues in the probate of wills."

The order appealed from should be affirmed, with costs payable out of the estate, and the question certified answered in the affirmative.

The decree appealed from should be affirmed, with costs payable by the public administrator personally.

CULLEN, Ch. J., GRAY, BARTLETT, HAIGHT and WERNER, JJ., concur; O'BRIEN, J., absent.

Ordered accordingly.