> Under Code Civ. Proc. § 2617, a legatee cannot intervene to oppose the probate of the will, in order to secure a benefit or protect a threatened right; and his application will be denied, where he would acquire less under a prior will than under the will offered for probate.

In the matter of the last will and testament of Samuel N. Hoyt. Application to intervene to contest the probate of the will. Denied.

Frederic D. Philips, for petitioner.
Carter & Haskell, for Frank R. Hoyt.
Shepard & Houghton, for Reuben M. Hoyt.
Howe, Smith & Howe, for Sherman Hoyt.
Anson Baldwin, special guardian, for Hoyt infants.
P. Tecumseh Sherman, special guardian, for Alice C. Pettit.

DIKE, A. S. The executors have offered for probate the last will
and testament of Samuel N. Hoyt. The probate of the said will is con-
tested by one of the legatees, Mr. Sherman Hoyt, who, under the will
offered for probate, is designated as a beneficiary to the extent of a
legacy of $15,000. The said legatee asks for leave of this court to
intervene in this proceeding at this time to contest the probate of this
will under section 2617 of the Code of Civil Procedure.

It appears that under a prior will of this testator Sherman Hoyt was
a legatee to the extent of $10,000, and that, in case he be allowed to
intervene here, upon such application being successful, he would be an
obvious loser by the transaction to the extent of $5,000. It becomes
necessary, therefore, to construe section 2617 of the Code of Civil
Procedure, with a view of determining if the direction contained in
that section, permitting "any person although not cited who is named
as devisee or legatee in the will propounded," can permit Sherman
Hoyt to appear, at his election, to oppose this application for the pro-
bate of the will in question. It is surprising to find how little this sec-
tion of the Code has been construed; and it would be interesting to
trace the question to its source, were it not, unfortunately, necessary
to render a speedy decision in this matter. Cases that might be deemed
analogous, even under different sections of the Code of Civil Procedure,
would be certainly of great value in construing this section. Thus
"the interested party," under the sections of the Code which seek to
compel an accounting (section 2727) by an executor or administrator,
must be one whose interest is so fixed and alive, and whose position
would so obviously be benefited by an investigation as to convince
the court of a beneficial interest in the accounting sought to be forced;
and, where no beneficial interest is shown to be possessed by a legatee,
an accounting is denied, and clearly for the reason that the estate should
not be put to the expense, nor executors or administrators to the an-
noyance, of making an accounting the result of which would serve no
useful or beneficial purpose. "One who is not benefited by having a
will set aside, either by taking a share of decedent's estate or by obtain-
ing a first right to administer, cannot contest the will. Thus one who
would have taken had testator died intestate, but who took under the
will more than he would have taken had testator died intestate, cannot
contest such will." Paige, Wills, 378, § 325.

It cannot be conceived that this section (2617) was enacted, except
for the express purpose of permitting one to intervene to secure a bene-
fit or to protect a threatened right; certainly not for the purpose of
changing the status quo of the estate of decreasing an interest therein
to the extent of $5,000. Nor can it be deemed that the mandatory
provision there should compel the surrogate to make an order of inter-
vention under such conditions. This section has been construed by the

Court of Appeals in Matter of Davis, 182 N. Y. 468, 75 N. E. 530, a very late case, and it defines clearly there a person "who is otherwise interested in sustaining or defeating the will." On page 472, of 182 N. Y., page 531 of 75 N. E., Vann, J., says:

"Means only a person who has a pecuniary interest to protect, either as an individual, or in a representative capacity. An interest resting on sentiment or sympathy, or on any basis other than the gain or loss of money or its equivalent, is not sufficient; but any one who would be deprived of property in the broad sense of the word, or who would become entitled to property, by the probate of a will, is authorized to appear and be heard upon the subject."

It is obvious that the person who would have a right to intervene under this section must have an interest to protect—one that is threatened. Here the interest of Mr. Hoyt is protected, and it is only by his successful intervention that he would become a loser. The application, therefore, of Sherman Hoyt to intervene to contest the probate of the will of Samuel N. Hoyt, deceased, is denied, and the applications for the issuance of commissions must therefore, in view of the foregoing, be denied. Decree in accordance with above.

Decreed accordingly.