In the Matter of the Estate of LOTTIE THALL HILL, Deceased.

Surrogate's Court, Kings County, December 4, 1935.

*Arthur Gould*, for the petitioners on motion to vacate.

*Duncan & Bruchhauser*, for the respondent, executor.

*Andrew S. Derby*, special guardian for Frances Adelaide O'Connor and Frederick Riker, infants, respondent.

WINGATE, S. It is fortunately rare that the usual application to vacate a decree is accompanied by such a deluge of affidavits and briefs as have been submitted on the present occasion. Could the determination be based solely on physical weight, the petitioners must succeed by a wide margin since their moving papers and replying affidavits total no less than one hundred and forty-seven pages to fifty-one for their opponents, although their poundage predominance in briefs is not so marked, showing only forty-three to thirty-eight pages.

Unfortunately for the court, much of this total volume of two hundred and eighty pages is of questionable relevancy or materiality. The applicants, on the one hand, have attempted to demonstrate that the decedent was not on good terms with the physician who was the scrivener of the alleged will and that she disliked and distrusted the nephew who is named as the chief beneficiary thereunder; on the other, the present respondents have attempted to demonstrate the reverse to be true.

The ultimate position of the former is, apparently, that the document was a forgery and the product of a conspiracy between the chief beneficiary, his son, who was one of the purported subscribing witnesses, and the scrivener-physician, who purported to be the other. In support of their contention, affidavits are submitted by two handwriting experts who unequivocally maintain that position.

Importance is attached by the present respondents to the fact that their opponents had retained counsel to represent them, but their allegations stand unrefuted that the attention given the matter by such attorneys was extremely perfunctory and that the latter consented to the entry of a decree admitting the will to probate without consulting their clients. It may be questionable whether such action by the attorneys, amounting as it did to a complete surrender of their clients' rights, was within the scope of

their authority (*Appleton* v. *Greenfield*, 244 App. Div. 732; *Matter of Strandburg*, 138 Misc. 732, 737), but even if it were, the fact should not be a bar to relief if the application in other respects possesses merit.

It should be noted in this connection that the attorneys in question had no notice of this proceeding and no opportunity to present any affidavits controverting the alleged perfunctory nature of their services or that consent to the entry of the decree was not, in fact, authorized by the statutory distributees.

It is the contention of the proponents of the will that the instrument was drawn by the physician on July 12, 1933, and that it was executed by the testatrix in his presence and that of a son of the chief beneficiary. The physician testified at the time of the hearing that he was summoned by the chief beneficiary. It appears to be established that he was not decedent's attending physician at the time. In any event, it appears somewhat peculiar that the decedent, who had had much to do with lawyers, who had apparently transacted her affairs satisfactorily and with success, should have called in this physician when she wished to transact the important legal business of drawing her will. The peculiarity of the transaction is heightened when it is found that the chief beneficiary disclaimed all knowledge of any will for at least nineteen days, and, if the present petitioners are to be believed, for a considerably longer period, after the death, although his friend, the doctor, was its scrivener and a witness, and his own son the other witness. The attempted explanation of the latter regarding his silence does not accord with the court's experiences with human nature.

Although the transaction as a whole appears questionable, this, in itself, might be insufficient to justify the court in vacating the decree unless the petitioners could demonstrate the presence of one of the recognized grounds for according such relief. These are thoroughly familiar to all members of the legal profession, are enumerated in subdivision 6 of section 20 of the Surrogate's Court Act, and have been made the subject of judicial comment on innumerable occasions. (See, *e. g., Matter of Hutchins*, 143 Misc. 618.)

In the present application there is presented the affidavit of Melvin Deutsch who deposes that on the day on which the will is claimed to have been executed by the decedent in her home, he was staying there as a guest and that the draftsman-physician did not call upon the decedent upon that day. If he is telling the truth, it is obvious that a serious undermining of the entire position of the proponent must result. Although affiants on behalf of the proponent violently impeach the veracity of the statement, there is

no serious attack upon the fact that such evidence is "newly discovered" within the strict connotation of the term.

In view of this fact, and of the generally suspicious nature of the entire transaction, to certain features of which the court has hereinbefore briefly adverted, the court has determined to exercise its undoubted discretion in favor of a vacating of the decree. In this connection, however, a distinction must be drawn between those of the petitioners who would be statutory distributees in the event of intestacy and Mae Dunham, whose only interest in the estate is professedly that of a legatee under the alleged will. Since she is not a person authorized to contest the will (*Matter of O' Keefe*, 135 Misc. 394, 396, and authorities cited), she has no standing to make the present application.

The petition of the statutory distributees is accordingly granted, without costs.

Enter order on notice.