In the Matter of the Probate of the Will of HENRICKE BALLMANN, Deceased.

Surrogate's Court, Kings County, October 2, 1950.

917

*Grier & Masnik* for Fred Ballmann, proponent.

*Charles A. White* for Josephine Shannon, contestant.

RICHARDSON, S. The motion of the proponent to dismiss the objections filed by a daughter of decedent to the probate of the propounded instrument is granted. The motion insofar as it seeks to strike out the notice of appearance of the attorney for contestant is denied. The latter is a necessary party to the proceeding and is entitled to be represented by counsel.

The decedent was survived by four adult children as her only distributees. By the terms of the instrument offered for probate decedent disposes of all her property, real and personal, one half to a son, the proponent and nominated executor, one fourth to another son and one fourth to a daughter, the con-

testant. It is apparent that the interest of the contestant under such instrument is the same as she would have received if decedent had died intestate.

The objections filed herein include the usual allegations of failure of due execution, lack of testamentary capacity, fraud and undue influence exercised in procuring execution of the propounded instrument. No claim is advanced that decedent had executed any other testamentary instrument whereby contestant benefited to a greater extent than under the present instrument.

It is well established that in order to contest the probate of a testamentary instrument, contestant must have a financial interest in the estate which would be adversely affected by the probate of such instrument (*Matter of Cook,* 244 N. Y. 63; *Matter of Davis,* 182 N. Y. 468; *Matter of Hoyt,* 55 Misc. 159, affd. 122 App. Div. 914, affd. 192 N. Y. 538; *Matter of Wallace,* 184 Misc. 448, affd. 268 App. Div. 1029; *Matter of Simpson,* 175 Misc. 718; *Matter of O'Keefe,* 135 Misc. 394).

In *Matter of Rohling* (18 N. Y. S. 2d 877) a distributee, who had been bequeathed a general legacy under the propounded instrument in an amount greater than his intestate share, computed on the value of the then known assets, was held entitled to contest on the theory that additional assets might be discovered in the administration of the estate, in which event contestant's intestate share might be more than the legacy. In *Matter of Rose* (185 Misc. 39, affd. 269 App. Div. 933), the court held that a person could not be deprived of a right to contest an instrument offered as decedent's will (pp. 39–40) '' merely because a mathematical computation on an *actuarial* basis might show him to be better served by the admission of the propounded paper. The interest of the litigant cannot be measured on an actuarial basis but must be computed on the basis most favorable to him with *every* contingency resolved in his favor.''

Neither of the last two cited authorities sustains contestant's right to proceed with her objections. Her interest under the propounded instrument is a one-fourth share in the net estate, the same as her intestate interest, which may not be increased nor decreased by any mathematical or actuarial computation.

Contestant's contention, advanced as a reason to permit her to contest the probate of the propounded instrument, that in the event of denial of probate her sister will receive a one-fourth interest in the estate and she may inherit from her, must be dismissed as without merit. There is no assurance that contestant will survive her sister, that the latter may not dispose of her

property to others by will or that she may not leave surviving persons closer in relationship than contestant. · The argument is too speculative to be considered. In any event, such an interest is not a pecuniary one in the estate of the present decedent.

Likewise, the fact that contestant may have a possible right to administer decedent's estate in the event of intestacy does not sustain her right to contest the propounded instrument. She at best would have an equal right with her brothers and sister to be appointed administratrix (Surrogate's Ct. Act, § 118). The court could select any one or more of decedent's children to whom it could issue letters of administration. The right of contestant is not a vested one (*Matter of Davis, supra*).

Submit order, on notice, accordingly.