In the Matter of the Probate of the Will of JOHN H. BAHRENBURG, Deceased.

Surrogate's Court, Kings County, October 17, 1951.

*Hutton & Holahan* for Adelbert Wildhack and others, proponents.

*Raymond A. Tierney* for Brooklyn Tuberculosis and Health Association, Inc.

*James M. Fawcett* for Angele Paulsen and another.

*John J. Borchardt* for Lutheran Hospital Association of City of New York and Vicinity.

*McCormick & Emmerich* for New York Association for the **Blind.**

*Cyril J. Corwin* for Anna M. Kempf and others.

*Carl H. Sievers* for Bethlehem Orphan Home.

*Lott & Livingston* for House of St. Giles the Cripple.

*Walter Bruchhausen* for Brooklyn Association for Improving the Condition of the Poor.

*De Forest, Elder & Mulreany* for Presbyterian Hospital in City of New York.

*Ludwig T. Smith,* special guardian for John H. Wildhack, Jr., and another, infants.

*Reginald S. Hardy,* special guardian for Donald J. Payne and another, infants.

*Harold L. Fisher,* special guardian for Luise A. Scheck and another, infants. '

RUBENSTEIN, S.   The proponent moves to dismiss the objections filed by a nephew of decedent to the probate of the two instruments dated respectively May 1, 1946, and September 23, 1946, propounded as decedent's last will and testament and codicil thereto on the ground he is not a person authorized to contest such instruments.   A named legatee and the special guardian for infant parties join in the prayer for such relief.

The objectant is not a distributee of decedent, his mother, Adeline Wildhack, a sister of decedent having survived.   Under the terms of the propounded instrument objectant shares to the extent of one fourth of $12,000 bequeathed in equal shares to the daughters and sons of decedent's sister, Adeline, who survived him, of whom there are four.   Several other testamentary instruments of decedent have been filed in all of which similar provision is made for his sister's children except that the amount to be divided among them is $8,000.   It is apparent, therefore, that the financial benefit to objectant is greater under the propounded instrument than in the earlier instrument.

Section 147 of the Surrogate's Court Act enumerates the persons who may file objections to any will or codicil offered for probate and the cases, construing the section, hold that a person, in order to contest the probate of a will or codicil, must have a financial interest to protect or must stand to gain by a denial of probate.   (*Matter of Cook,* 244 N. Y. 63; *Matter of Davis,* 182 N. Y. 468; *Matter of Hoyt,* 55 Misc. 159, affd. 122 App. Div. 914, affd. 192 N. Y. 538; *Matter of Wallace,* 184 Misc. 448,

affd. 268 App. Div. 1029; *Matter of O'Keefe,* 135 Misc. 394; *Matter of Hill,* 157 Misc. 487; *Matter of Ballmann,* 198 Misc. 916.)

Since objectant will neither benefit nor gain by a denial of probate of the propounded instruments he may not contest such probate. The motion to dismiss his objections is, therefore, granted.

Submit order, on notice, accordingly.