Maximilian Moss, S.
The surviving husband of decedent, individually and as general guardian of decedent’s only child, has filed objections to the propounded instrument and seeks an examination of the subscribing witnesses. The proponent has moved that the objections be struck out and dismissed on the ground that the objeetants have no interest to protect under section 147 of the Surrogate’s Court Act. In support of the motion proponent cites, among others, Matter of Bahrenburg (200 Misc. 959); Matter of Ballmann (198 Misc. 916); Matter of Waldman (1 A D 2d 980).
Decedent’s will dated January 14, 1958, in effect gives to. the surviving husband one third of the estate, and creates a trust of the residue of two thirds, with income therefrom to be applied to the support and maintenance of her only child, an infant daughter, until she reaches the age of 25 years. Should the daughter die before attaining that age, then the trust fund is to be divided into as many shares as there shall be nephews and nieces of the decedent. A brother of the decedent is named *827 executor and her sister is appointed guardian of the person and property of her infant daughter.
The facts of the cases cited by the proponent show that they are clearly distinguishable. In Matter of Bahrenburg (supra) the objectant was a nephew, a son of a living sister of the decedent, who was a legatee in a prior will By the terms of the instrument he benefited more than in the earlier will. Surrogate Rubenstein said that under section 147 of the Surrogate’s Court Act “ a person, in order to contest the probate of a will or codicil, must have a financial interest to protect or must stand to gain by a denial of probate. (Matter of Cook, 244 N. Y. 63; Matter of Davis, 182 N. Y. 468; Matter of Hoyt, 55 Misc. 159, affd. 122 App. Div. 914, affd. 192 N. Y. 538; Matter of Wallace, 184 Misc. 448, affd. 268 App. Div. 1020; Matter of O’Keefe, 135 Misc. 394; Matter of Hill, 157 Misc. 487; Matter of Ballmann, 198 Misc. 916.) ”
In the instant case, should the propounded instrument be denied probate, decedent’s husband would be first in line to administer her estate (Surrogate’s Ct. Act, § 118), and decedent’s daughter would be entitled to an outright two-thirds interest in the estate instead of being an income beneficiary under the trust with right to the remainder only if she reaches her 25th birthday. (Matter of Davis, 182 N. Y. 468; Matter of Wiberg, 197 Mic. 511; Matter of Carll, 201 Misc. 829; Matter of Bohling, 18 N. Y. S. 2d 877; see Matter of Wallace, 184 Misc. 448, affd. 268 App. Div. 1029.)
Though no objections were interposed by the special guardian on behalf of his ward, he filed and served a memorandum of law sustaining her father’s objections and requesting that the motion be in all respects denied. The court therefore considers the memorandum equivalent to objections and overrules the contention.
The motion is in all respects denied.
Settle order on notice.