Chief Judge Desmond (dissenting).
I concur with Judge Burke for affirmance.
" ‘ Where a person seeks to intervene and the question of his right to do this is raised, the surrogate must determine the status of that person before permitting intervention. It is the right and duty of the surrogate to try the question of interest if it is raised before allowing any person to contest a will even where such person is named in the petition as an interested party ” (2 Warren’s Heaton, Surrogates’ Courts [6th ed.], p. 528; see Matter of Davis, 182 N. Y. 468, 472-473; Matter of Cook, 244 N. Y. 63, 72). Intervention, therefore, cannot be allowed as a matter of discretion, favor or comity. The Surrogate, recognizing this as did the parties, conducted the trial to determine whether there was any basis for the claim of right asserted by the Crown Colony of British Honduras, that is, the claim that if the decedent should be found to have died intestate the Crown Colony in its own right would, under its local statute, be decedent’s sole heir as to all his property wherever located. The Surrogate in a decision which I believe to be clearly correct and which the Appellate Division unanimously affirmed, held against that claim of right and, accordingly, refused to permit *319 intervention. Our court, however, is now reversing and ordering intervention without passing at all on the only question presently in litigation, that is, the status or interest of the petitioner Crown Colony.
Judges Dye, Froessel and Foster concur with Judge Van Voorhis. Judge Burke dissents in an opinion in which Chief Judge Desmond concurs in a separate opinion and in each of which Judge Fuld concurs.
Order reversed, with costs in all courts to appellant payable out of the estate, and the application of the Government of British Honduras to intervene in the proceedings now pending-in the Surrogates’ Court of New York County granted. Question certified answered in the negative.