W. Vincent Grady, J.
Application has been made by Lucia Hawks, Darra D. Finkle, Myrtle D. Snyder, Mema D. Goyke, *1034 Jean Funk and Helen Banks, distributees of Marie D. Chadwell, deceased wife of Aubrey Chadwell, for permission to intervene in this proceeding and to file objections to the probate of his last will and testament.
The question to be determined by the court is whether the distributees of a deceased wife, who met her death at the hands of her husband, can intervene on the probate of his last will and testament and file objections thereto 1
It appears that the late Aubrey Chadwell shot his wife and then committed suicide on September 18, 1967. Mr. Chadwell’s will has been offered for probate in this court by Kathryn Koch, the alternate executrix named therein. Objections to the probate have been filed by William Chadwell, a brother of Aubrey, who alleges among other things that Aubrey was not of sound mind and not mentally capable of making a will.
SOPA 1410 provides who may file objection to the probate of a will. It states: ‘ ‘ Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will or of any portion thereof. The objections must be filed on or before the return day of the process or on such subsequent day as directed by the court; provided however that if an examination of the attesting witnesses be requested pursuant to 1404, objections must be filed within 10 days after the return day of the process or within such other time as is fixed by stipulation of the parties or by the court.”
New York courts have consistently held that the validity of a will can only be contested by those persons who profit by its .rejection. (See Matter of Davis, 182 N. Y. 468, 472; Matter of Schmitt, 175 Misc. 180; Matter of Haddock, 22 Misc 2d 694; Matter of Salkind, 11 Misc 2d 826.)
The courts have also held that where a person is not a distributee of the decedent and will receive nothing from his estate if the will is denied probate, such person will not be permitted to object to it, except that one mentioned in a prior will who is reduced by the subsequent will, may file objections. (Matter of Hagen, 119 Misc. 770, affd. 206 App. Div. 682; Matter of Hoyt, 55 Misc. 159, affd. 122 App. Div. 914.)
The cases also construe the interest required to test the probate of a will, to be a financial interest to protect or stand to gain by the denial of probate. (Matter of Eisenfeld, 52 Misc 2d 209.)
In the instant proceeding for the probate of Aubrey ChadwelPs will, the interest of his wife’s distributees is not affected by his will being admitted to probate. The will of decedent only disposed of what he owned at the time of his death.
*1035 The question of whether decedent should be permitted to profit by his wrongful act is not before the court at this time.
The application to intervene and file objections to the probate of Aubrey Chadwell’s will by the distributees of Marie D. Chadwell, is denied as they are not persons authorized under SOPA 1410.