Pierson R. Hildreth, S.
This is a motion by proponent to dismiss objections to probate on the ground that objectant does not have a pecuniary interest in the estate. The contention is that objectant would receive more under the will than in intestacy hence is not entitled to file objections to probate.
If such motion is denied, proponent requests alternative relief in the form of a motion for summary judgment dismissing objections First and Second which allege lack of proper execution and lack of testamentary capacity, thereby leaving for trial only the issue of fraud and undue influence.
The objections are filed by the surviving daughter and sole distributee of decedent who was her mother. The proponent is *846 a son-in-law of decedent. He is the husband of another daughter who predeceased decedent, and is the residuary beneficiary and executor of the will offered for probate. Objectant charges that the will was procured as a result of his fraud and undue influence.
Decedent died August 27, 1969. The will was made October 26, 1968. It was prepared by an attorney who was present at and supervised its execution. The attesting witnesses and attorney-draftsman have been examined by contestant pursuant to SOPA 1404 after the filing of objections, and their testimony is before the court on these motions.
By her will decedent gave her daughter any balances remaining in any bank accounts after payment of last illness and burial expenses. She also provided that if such sum should be less than $10,000, the difference between the total so determined and $10,000 be paid to her daughter by her son-in-law and residuary legatee, Lawrence L. Voels. She gave her entire residuary estate to her son-in-law. In the residuary clause she stated that during her lifetime she had transferred title to her home and property into his and her name as joint tenants and that he had promised her that her daughter would receive at least $10,000 after her death, being the balances of bank accounts, and should these balances be less than $10,000, then he was to make up the difference, and that the difference was “to be a charge upon said realty.”
The court holds that insofar as the motion for dismissal of the objections is upon the ground that objectant does not have an interest in the estate which entitles her to file objections the motion is denied.
SCPA 1410 specifies who may object to probate viz: “Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will or of any portion thereof.”
Objectant is decedent’s daughter and sole distributee. If decedent died intestate objectant will inherit the entire estate. EPTL 4-1.1. The estate of a decedent is an entity which comprises all property in the broad sense of the word which a decedent has at death as well as any property transferred before death which for one reason or another can or should be recovered or brought into the estate for testamentary or intestate administration by the fiduciary. The total estate is finally and judicially determined only by an accounting proceeding to which all persons interested are a party.
*847 It is obvious that since only bank accounts and a possible sum of money are given to decedent’s daughter that such legacy is something less than a gift of the entire estate. Of the total estate, considered as an entity, she receives only a portion of a specified item of property, namely, balances of bank accounts, and possibly a sum of money which is charged upon real property which decedent conveyed during her lifetime. A monetary legacy to a sole distributee is not the same as receiving the entire estate which would pass to the sole beneficiary all items of property in kind.
What fractional part of the total estate the legacy represents cannot now be ascertained. The legacy does not give the daughter any items of personal or other property of decedent. Until and unless the will is probated and the residuary legatee decides whether to acceptor reject the residuary bequest which appears to obligate him to pay a sum to the daughter, the amount that she may take under the will is uncertain. The affidavits submitted on this motion indicate that there are assets other than bank accounts, and that there is uncertainty as to whether the son-in-law intends to regard the provision of the will which makes the legacy a charge upon the realty an enforceable lien. The realty was conveyed four days before she made the will.
As sole distributee in intestacy the daughter would have a prior and exclusive right to administer the estate if the will is denied probate. (SOFA 1001.)
The criteria to determine whether objectant is one “whose interest in property or in the estate of the testator would be adversely affected ” by probate of a will is generally stated to be whether he has a financial interest to protect or stands to gain by denial of probate. SOPA 1410 was derived from section 147 of the Surrogate’s Oourt Act which used the phrase, “ any person interested ” in stating who may file objections to probate. The revisers’ notes to SOFA 1410 state that “ The interest 1 in the event ’ or interest in any property affected by the probate of a will sufficient to entitle the owner thereof to file objections must be an interest adverse to the will.” The language of section 147 of the Surrogate’s Court Act was changed to that now contained in SOFA 1410 to more accurately state the rule generally recognized by decisions. The phrase, interest adversely affected, is used, however, in the sense of being deprived of property in the broad sense of the word. (Matter of Davis, 182 N. Y. 468 [1905].)
The Court of Appeals in the Davis case held that the right to administer an estate is a sufficient interest to entitle the per *848 son having such right to contest probate. Referring to the phrase ‘‘ who is otherwise interested ’ ’ as contained in the Code of Civil Procedure of 1905 the court said (p. 472) that it ‘ ‘ means only a person who has a pecuniary interest to protect, either as an individual or in a répresentative capacity. An interest resting on sentiment or sympathy, or on any basis other than the gain or loss of money or its equivalent, is not sufficient, but any one who would be deprived of property in the broad sense of the word, or who would become entitled to propj erty by the probate of a will, is authorized to appear and be heard upon the subject.”
In Matter of Salkind (11 Misc 2d 826) the court held that the prior right of a surviving husband to admininister was an interest which entitled him to file objections although the interest he would receive under the will or in intestacy was the same. Since objectant here, as sole distributee, would have a prior right to administer she has an interest under the rule of the Davis case and Salhind case which is adversely affected by probate which entitled her to file objections.
Where the intestate interest of a distributee is greater than the interest given him by will, such distributee is considered to be a person having an interest adversely affected and who is therefore entitled to file objections. (Matter of Salkind, 11 Misc 2d 826; Matter of Rose, 185 Misc. 39, affd. without opn. 269 App. Div. 933.)
Surrogate Delehanty indicated in Matter of Rose (185 Misc. 39) that one having an interest and whose rights are intended to be concluded by probate has a right to be heard and have the court determine after a hearing whether a propounded paper is a valid will.
The lack of a pecuniary interest affected by a will sometimes operates to deny the right to file objections to a distributee who would otherwise be entitled. But this is only where the interest of the distributee under the will is unequivocally either the same or greater than the interest he would receive by intestacy regardless of the size of the estate. Most of the cases relied upon by proponent fall within that category. (Matter of Eisenfeld, 52 Misc 2d 209, [same interest under will as in intestacy] ; Matter of Haddock, 22 Misc 2d 694, [% share under will, % share in intestacy]; Matter of Wallace, 184 Misc. 448, affd. 268 App. Div. 1029, [spouse having released all rights by separation agreement received a 40% share whether decedent died testate or intestate].)
However, although the interest of a distributee under a will is prima facie larger than in intestacy, if there is a possibility *849 of the intestate share increasing the distributee has been held entitled to object. (Matter of Rohling 18 N. Y. S. 2d 877.) In that case a motion to dismiss objections was denied when it appeared that if the will were denied probate an action to set aside inter vivos transfers was intended which might result in bringing additional assets into the estate. The possibility of an increase, however slight, was sufficient to entitle the son to oppose probate.
A similar rule generally applies where a contestant has an interest as a legatee under a prior will which is adversely affected by a later will. To be adversely affected and entitled to file objections, the interest under the prior will must be greater than the interest under the will offered for probate. If the interest under the later will is greater than under the prior will the legatee is not entitled to object. (Matter of Bahrenburg, 200 Misc. 959; Matter of Hoyt, 55 Misc. 159, affd. 122 App. Div. 914, affd. 192 N. Y. 538, where legatee received $15,000 under last will and $10,000 under prior will.)
Likewise, a similar rule applies where one has no interest whatever in an estate. Such a person is not entitled to object to probate. (Matter of Hagen, 119 Misc. 770, affd. 206 App. Div. 682, where surviving spouse released all rights by a concededly valid separation agreement.) See, also, Matter of Vance (263 App. Div. 840), where it appeared “ conclusively ” in a preliminary hearing that the decedent’s wife would take the entire estate if the will were set aside, and that therefore appellant (objectant) had no practical interest.
In an effort to overcome the fact that the daughter here would inherit the entire estate in intestacy, and therefore has an interest adversely affected because the legacy under the will is less than the entire estate, the proponent states that the value of the entire estate is about $7,000 and less than the legacy of $10,000 given by will. This is disputed. The values used by proponent appear to include only bank accounts; no mention is made of personal items or possible other assets, nor has there been any administration. Objectant claims that the real property which was transferred has a value of $40,000, that the transfer was invalid and should be set aside and recovered to be an asset. The daughter brought an action to set aside such transfer. The complaint in that action was dismissed because the probate proceeding had not been resolved, and the standing of the daughter as a legatee or a distributee had not been determined. If such transfer was invalid, the fiduciary may well be the proper party to bring the action to recover the asset for the general estate.
*850 Proponent on this motion suggests that the court should hold a preliminary hearing to determine the size of the estate. On the basis of the facts and circumstances shown the court is definitely of the opinion that this is not at all a proper or appropriate matter to be determined as a preliminary issue. The court has power to sever issues and to determine as a preliminary issue whether a person has status to contest probate of a will. But whether there should be a preliminary hearing to determine status of a person to object to probate is a matter of discretion (Matter of Cook, 244 N. Y. 63; Matter of Albright, 309 N. Y. 126; Matter of Irvin, 19 Misc 2d 41).
Some factors to consider in determining whether an issue should be severed for trial as a preliminary issue is whether it will serve the ends of justice, simplify resolution of the main issues, be a final and binding determination, save time and expense, or be determinative of the main issue. A preliminary hearing to determine a relationship based on blood or marriage and the status of an objectant whose rights are based solely upon the existence of such relationship is quite different from the situation here. No fiduciary has been appointed, the estate has not been administered, and there can be no binding judicial determination as to the extent of the estate.
In this probate proceeding the main issue is whether the will is invalid by reason of fraud or undue influence exercised by the decedent’s son-in-law who is the residuary beneficiary. To determine the extent of the total estate before probate, before appointment of a permanent fiduciary, before assets have been collected, claims asserted, and general administration concluded, is not only impracticable but impossible. Such matters should await the accounting by the fiduciary. One apparent issue here is whether the executor should seek to set aside the inter vivos transfer to himself. If the will is admitted to probate that issue may become academic. Issues of construction relating to the charge of the legacy upon realty must await probate of the will. The preliminary hearing which proponent suggests would in effect be an accounting proceeding before the estate is administered or ready for settlement. It would have no bearing on the fraud or undue influence. And even if it could be done it could well be more burdensome than trial of the probate issues and yet not resolve them.
Accordingly, the court in its discretion denies the request for a preliminary hearing. If, as proponent believes, the objections turn out at trial to have no merit, that is something the court may consider in determining costs. But if the verified *851 objections do have a basis, the court wants a full disclosure of the facts so that any judicial determination of validity of the will is made upon consideration of all the facts which the proponent and objectant present. A distributee who inherits unless decedent has made a valid will and who thinks he has a basis for objections should not be prevented from presenting his facts to the court unless absence of any adverse interest is clear regardless of the size of the estate.
Proponent’s motion for partial summary judgment dismissing objections First and Second will now be considered. The testimony of the attorney-draftsman and of the attesting witnesses taken after the objections were filed has been reviewed. It shows that the will was prepared and execution was supervised by the attorney. The court is satisfied from the testimony that there has been full compliance with the requirements for proper execution under EPTL 3-2.1, and that decedent at the time was possessed of testamentary capacity. Validity of the will is prima facie established, and there being no evidence to the contrary, at a trial the court would be obliged to direct judgment for proponent upon issues of execution and capacity and withdraw such issues from a jury. (SOPA 503.)
On this motion for summary judgment if contestant had any evidence which would raise issues of fact it should have been submitted, otherwise the motion for summary judgment must be granted. (CPLR 3212.) “It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial.” (Di Sabato v. Soffes, 9 A D 2d 297, 301; Indig v. Finkelstein, 23 N Y 2d 728.)
Contestant has submitted no evidence sufficient to raise any issue of fact concerning execution or testamentary capacity. The answering affidavit and bill of particulars indicate that the only objection creating an issue of fact is that charging proponent with fraud and undue influence.
Decedent died August 27, 1969, the objections were verified in October, 1969, and the witnesses were examined in January of 1970. Therefore there has been ample time for objectant to make any desired investigations so as to be able to present evidence in support of the objections if such evidence exists. (Cf. Matter of King, 16 A D 2d 614.)
Accordingly the motion for partial summary judgment dismissing objections First and Second is granted. The issue remaining is that of fraud and undue influence.
*852 The cross motion of contestant for an order framing issues is denied without prejudice. Such an order with notice of settlement as required by the rules of the court should be submitted after entry of the order on the motions hereby determined. Such order will then frame the issues remaining for trial. Only the specific person charged with fraud or undue influence is to be named in the order. It is improper to frame such an issue in a form which charges an unnamed ‘ ‘ other person ’ ’ with fraud or undue influence. (Matter of Dix, 17 A D 2d 42.)