Michael A. Telesca, S.
The petitioner has commenced a discovery proceeding pursuant to SCPA 2103, with regard to life insurance policies issued by the Hartford Life Insurance Company, Merchants Life Insurance Company and New York Life Insurance Company, upon the life of the decedent. The petitioner is the administrator of the estate of Constance Stone, deceased.
The answers generally admit the issuance of the policies of life insurance, but deny the existence of a contractual obligation, on the grounds of fraud in the applications and the alleged suicide of the decedent. The jurisdiction of this court to determine the subject matter of the petition is also questioned and must first be decided.
The challenge to the jurisdiction of the court is based upon the premise that this proceeding is one to collect a debt or to enforce an ordinary contract obligation, and thus falls outside the purview of the statute authorizing in rem discovery proceedings. (Matter of Thomas, 235 App. Div. 450, 454.) The jurisdictional test in discovery proceedings was clearly stated by Surrogate Wingate in Matter of Lusher (159 Misc. 387, 389), as follows: “If the genesis of the obligation of the respondent was predicated on the possession of an asset, jurisdiction *763 inheres. If it was based merely on a general claim against him, purely in personam, it does not.”
The Court of Appeals adopted the Lusher test in Matter of Trevor (309 N. Y. 389, 392), and in iso doing, observed, with regard to the predecessor discovery sections (Surrogate’s Ct. Act, §§ 205, 206), that “ it Avas not the intention of the Legislature that all estate claims Avere to be adjusted by way of a discovery proceeding. The purpose of such a proceeding in the Surrogate’s Court is to obtain the possession of specific personal property or money which belongs to the estate ”. The court went on to state (p. 393), that, as set forth in Matter of Thomas (supraj, and other cases dealing with the jurisdiction of the Surrogate’s Court in discovery proceedings, the Legislature “ has not vested in the Surrogate’s Court jurisdiction over actions at law for the recovery of common debts or to enforce ordinary contract obligations and that an action to establish and enforce a debt must still be brought in common-law forums. The nature of such an action is in personam and it does not come within the general purview of the statute authorizing in rem discovery proceedings.”
The obligation of an insurance company to pay over policy proceeds to designated beneficiaries upon the death of an insured, is not different in essence, from any other debt arising on a contract (Rosenberg v. Rosenberg, 259 N. Y. 338, 341).
The purpose of the discovery proceeding is to obtain the possesion of specific personal property or money which belongs to the estate. (Matter of Trevor, 309 N. Y. 389, supra.) The proceeding is available to seek recovery of the proceeds of an insurance policy already paid to a third person, but not to compel the insurance company to pay the sum due under the terms of its policy. (Matter of Balthazar, 4 Misc 2d 800; Matter of Reilly, 111 Misc. 66; 4 Jessup-Redfield, Surrogates’ Law and Practice [Rev. ed.], §§ 3057, 3058.)
Submit order on notice accordingly dismissing this proceeding for lack of jurisdiction.