Lawrence E. Kahn, S.
The issues before the court in this estate are twofold. Firstly, does Ellen Green have standing to object to the probate of the July 5, 1974 purported will of the deceased, George Turner? Secondly, is Ellen Green, as preliminary executrix, entitled to a discovery proceeding with respect to property in the possession of one Henrietta Smigel.
The deceased, George Turner, died a resident of Albany County on November 19, 1974. On March 9, 1973, the decedent executed an instrument then purporting to be his last will and testament whereby he gave, devised and bequeathed all of his property to his niece by marriage, Ellen Green. This instrument also named Ellen Green executrix of his estate.
On July 5, 1974, decedent then executed a deed whereby he purportedly conveyed certain real property in the Town of Rensselaerville, County of Albany to one Henrietta Smigel. On that same day, July 5, 1974, Mr. Turner executed an instrument purporting to be his last will and testament, revoking any and all other prior wills and codicils made whereby he gave, devised and bequeathed to Ellen Green all of his real and personal property and named her executrix. In addition, this instrument also named Henrietta Smigel as alternate beneficiary and executrix. This latter alternative provision was the only substantive difference between this will and the one executed on March 9, 1973.
*134 Mrs. Green has petitioned the Surrogate’s Court of the County of Albany for letters testamentary and for probate of the purported will of March 9, 1973. Henrietta Smigel has petitioned the Surrogate’s Court to have the instrument dated July 5, 1974 admitted to probate and Ellen Grjeen has filed objections to this second instrument.
Mrs. Green has been appointed preliminary executrix and has been granted preliminary letters testamentary. In this capacity, Mrs. Green alleges that Henrietta Smigel has money or property, or knowledge or information with respect to money or property belonging to the estate of the decedent, including household furnishing, cash, an automobile, rents or profits of real property. It is alleged that Henrietta Smigel refuses to deliver this property to Mrs. Green. Ellen Green also alleges that the real property of decedent was illegally, improperly and fraudulently transferred to Henrietta Smigel on or about July 5, 1974 and that she retains this real property although demand has been made therefor. As a result, Ellen Green requests an inquiry into what property Henrietta Smigel may have. Henrietta Smigel rejects all of these allegations and contends that Mrs. Green has no standing to object to probate and is not entitled to a discovery proceeding prior to admission of one of the wills to probate.
Let us first deal with the question of standing. SCPA 1410 provides: "Any person whose interest in property or in the estate of the testator would be adversely affected by the admission of the will to probate may file objections to the probate of the will or of any portion thereof except that one whose only financial interest would be in the commissions to which he would have been entitled if his appointment as fiduciary were not revoked by a later instrument shall not be entitled to file objections to the probate of such instrument unless authorized by the court for good cause shown.”
This section is derived from section 147 of the Surrogate’s Court Act which provided that any person interested in the estate as devisee, legatee or otherwise, in a will or codicil for probate may file objections to any will or codicil so offered for probate.
As stated in Matter of Rikert (25 Misc 2d 492), the purpose of section 147 was to confer upon every person having a right to a distributive share of decedent’s estate, either as distributee or as devisee, legatee, executor, testamentary trustee or *135 guardian under an alleged prior will, a right to contest the probate of the instrument propounded as decedent’s last will.
As such SCPA 1410 now embodies basically the intent and purpose of section 147 of the Surrogate’s Court Act. According to the Reviser’s Notes, "1. The interest 'in the event’ or interest in any property affected by the probate of a will, sufficient to entitle the owner thereof to file objections must be an interest adverse to the will.” (McKinney’s Cons Laws of NY, Book 58A, SCPA 1410, pp 318-319.)
The threshold question is determining whether or not Ellen Green has standing to object to probate is to determine what is an "interested person” for the purposes of objecting to probate. Under SCPA 103 (subd 36), a person interested is, "Any person entitled either absolutely or contingently to share as beneñciary in the estate”. (Emphasis added.)
According to Matter of Chadwell (55 Misc 2d 1033, 1034), "New York courts have consistently held that the validity of a will can only be contested by those persons who profit by its rejection.” (See, also, Matter of Davis, 182 NY 468, 472; Matter of Schmitt, 175 Misc 180; Matter of Haddock, 22 Misc 2d 694; Matter of Salkind, 11 Misc 2d 826.)
Chadwell further states (p 1034): "The courts have also held that where a person is not a distributee of the decedent and will receive nothing from his estate if the will is denied probate, such person will not be permitted to object to it, except that one mentioned in a prior will who is reduced by the subsequent will, may file objections.” (See, also, Matter of Hagen, 119 Misc 770, affd 206 App Div 682; Matter of Hoyt, 55 Misc 159, affd 122 App Div 914.)
The court in Chadwell also noted that (p 1034): "The cases also construe the interest required to test the probate of a will, to be a financial interest to protect or stand to gain by the denial of probate. (Matter of Eisenfeld, 52 Misc 2d 209.)”
This financial, pecuniary or material interest must be sought to be protected and it must be threatened by the offering of the will for probate. (See Matter of O’Keefe, 135 Misc 394; Matter of Salkind, supra; Matter of Bahrenburg, 200 Misc 959.)
Warren’s Heaton, Surrogates’ Courts (6th ed, vol 2A, § 182, par 1, subd [b]) emphasizes that the courts have gone to some length in upholding the ruling that the interest which a party must have must be a pecuniary interest. The total value of the *136 estate has also been taken into consideration. "Thus where it appeared that the value of the estate was less than ten thousand dollars and that under the facts the widow of the decedent who was the sole beneficiary under the will would take the entire amount,-since it was less than ten thousand dollars, objections were dismissed on the grounds that the objecting party had no practical interest in the estate.” (Warren’s Heaton, supra, Matter of Vance, 263 App Div 840.)
It has been held that where the objectant’s financial interest is the same under the will as it would be in the event of intestacy, the court on its own motion struck the objections to probate. (Matter of Eisenfeld, supra; Matter of Basile, 63 Misc 2d 845.) Likewise, where a distributee obtains under the will the same share that would be received in case of intestacy, he is not entitled to object to probate. (Matter of Waldman, 1 AD2d 980.)
Generally, a person who is not a distributee of the decedent, such as Mrs. Green in the proceeding at bar, and who will receive nothing from the estate if the will is denied probate, will not be permitted to object. (See Matter of Chadwell, supra.)
The exception to this rule is where a person can show that he is interested in a prior will and that if the later instrument can be denied probate and the prior one admitted, he will get more from the estate. Therefore, a person cannot object if he is not a distributee of the decedent and will not receive a larger amount under another will of the decedent.
In order for a devisee or legatee named in a will to be permitted to file objections, he must have an interest to protect which is threatened by the attempted probate of the will offered. In order for such a person to have standing to contest it is imperative that the legatee or devisee be prejudiced by the admission of the will to probate. If the beneficiary would receive less under a prior will or the same amount, then he or she is not entitled to object. Such is the case here. Under both wills, Mrs. Green is the executrix and the sole beneficiary. The only difference between the two wills is that in the second, Henrietta Smigel is named alternate executrix and alternate beneficiary. The fact that Mrs. Green gets the same share in each instrument prevents her from claiming that she is in any way losing by the admission of the second will to probate. She therefore has no basis to object. The *137 practical effect of the admission of this second will is the real core of Mrs. Green’s objections. If the will is admitted to probate, the Surrogate’s Court will be declaring that the testator was of sound mind and competent to execute his will on the crucial date, July 5, 1974. Nevertheless, this uncontested finding will not prevent Ellen Green from challenging the validity of the deed executed on that same day as well as raising and litigating the issue of the grantor’s state of mind. While Mrs. Green contends that she has a very real pecuniary interest in the outcome of the probate proceeding, this court finds that such an indirect evidentiary issue does not fall within the purview of SCPA 1410. The fact remains that Mrs. Green would not profit directly by the rejection of the second will to probate. Her right to object rests on this principle and not on any side effects or indirect results which may or may not flow from the probate of the will.
An important case on this subject is Matter of Haddock (22 Misc 2d 694, supra). The case was decided under section 147 of the Surrogate’s Court Act. In that decision Surrogate Bennett states as follows (pp 694-695): "To be an 'interested person’ who can contest a will, there must be a pecuniary loss. The intestate share of each of the objecting parties is 25% of the estate, while under the provisions of the will each receive 33% of the estate * * * The objectants have moved to deny the motion and to stay this proceeding, claiming that if the will is admitted to probate they will be prejudiced in an action in the Supreme Court to set aside a deed made by the decedent on the same day as the will. The cases cited by the objectants are not applicable but in Baxter v Baxter (76 Hun 98) it was held that a decree of the Surrogate refusing to admit a will to probate was prima facie evidence of incompetency in a later action to set aside a deed executed on the same day as the will. In the Baxter case, however, the parties had the right to, and did contest the will, and litigated the issue of mental competency before the Surrogate. In the present case, the objectants cannot contest the will, and, therefore no prejudice would result to them by the admission of the will to probate. The stay sought is unnecessary and is, therefore, denied.”
In that case the motion to dismiss the objections was granted and probate proceeded uncontested. As in that case, Mrs. Green cannot object merely because admission to probate may hurt her attempt to set aside other inter vivos transactions. Prejudice or adverse consequences must result directly *138 from the event of admission of probate, not as a potential byproduct thereof.
Accordingly, this court grants the motion to dismiss the objections and the probate will proceed as. an uncontested proceeding. The proof establishes that the propounded instrument dated July 5, 1974 is genuine, that it was validly executed and that decedent at the time of execution. was competent to make a will and free from restraint (EPTL 3-2.1; SCPA 1408). Probate of the instrument is therefore decreed.
As to the second issue, whether Mrs. Green as preliminary executrix is entitled to a discovery proceeding with respect to property in the possession of Henrietta Smigel, this court holds that she is so entitled except with respect to the real property. The cases Matter of Basile (63 Misc 2d 845, supra), Matter of Dixon (7 Misc 2d 812) and Matter of Bresky (6 Misc 2d 624) do not state that a discovery proceeding is not available for determining what assets Ms Smigel has and how she got them. Nor does SCPA 903 which deals with the powers of temporary administrators. Mrs. Green is a preliminary executrix and not a temporary administratrix and the powers differ somewhat.
SCPA 1412 (subd 3) provides: "Upon due qualification as provided in subdivision 5 and upon the issuance of process, preliminary letters testamentary must thereupon be issued to the person or persons who appear to the court to be entitled thereto, and where the court has accepted a request for such letters prior to the issuance of process, preliminary letters testamentary may be issued in the discretion of the court upon due qualification as provided in subdivision 5. The letters shall confer upon the person named therein, subject to any limitations contained in the instrument offered for probate, all the powers and authority and shall subject him to all the duties and liabilities of an administrator except that they do not confer any power to pay or to satisfy a legacy or distributive share or to sell or otherwise dispose of any property specifically devised or bequeathed by the instrument offered for probate except with the written consent of the specific devisee or legatee.”
SCPA 2103 provides for discovery proceedings and gives to a fiduciary the right to petition the court for an inquiry and examination as to assets and property which may belong to the estate.
Matter of Stone (80 Misc 2d 762) provides that the purpose *139 of a discovery proceeding is to obtain possession of specific personal property or money which belongs to the estate. Under EPTL 11-1.1 (subd [b], par [5]), it is provided that fiduciary has the following power.
"(5) With respect to any property or any estate therein owned by an estate or trust, except where such property is specifically disposed of:
"(A) To take possession of, collect the rents from and manage the same.”
Since a preliminary executrix is a fiduciary with substantially all of the broad powers granted to fiduciaries under EPTL 11-1.1 there is no reason why Mrs. Green cannot exercise her authority to examine and inquire in a discovery proceeding.