■ EUGENE SNELSON et al., Plaintiffs, v MARGARETVILLE HOSPITAL, Respondent, and HAROLD GOODMAN, Appellant, et al., Defendants.—Appeal (1) from an order of the Supreme Court at Special Term, entered March 20, 1975 in Delaware County, which granted a motion by defendant Margaretville Hospital for summary judgment dismissing the cross claim of defendant Harold Goodman and (2) from the judgment entered thereon. This is a medical malpractice action in which plaintiffs allege a negligent course of treatment on the part of the several defendants. Defendant Margaretville Hospital is no longer a defendant in the main action as the result of a successful application for summary judgment predicated upon the failure of plaintiffs to comply with a conditional order of preclusion. This appeal is from an order granting summary judgment to the Margaretville Hospital dismissing the cross claim of defendant Harold Goodman. The only connection between plaintiffs and the hospital and the single occasion when plaintiff Eugene Snelson was treated in the Margaretville Hospital, as alleged in the amended complaint, was on September 21, 1971. The hospital

record submitted in support of the motion at Special Term indicates that plaintiff Eugene Snelson was examined by defendant physician Lopez on September 21, 1971 in the Margaretville Hospital emergency room and discharged on said date with instructions "To see private physician". The moving affidavit of the administrator of the Margaretville Hospital alleged that in September, 1971 the hospital did not have any physicians in its employ providing care in the emergency room, that the emergency room was staffed solely by private practicing physicians, that the hospital received no part of the compensation received by physicians for treatment in the emergency room and that Dr. Lopez was not an employee of, or compensated by, the hospital in September, 1971. Assuming the truth of these statements, there is no merit to defendant Goodman's cross claim *(Fiorentino v Wenger,* 19 NY2d 407; 2B Warren, Negligence [3d ed], § 1.04). These claims by the Margaretville Hospital were not denied by the defendant Goodman in the opposing affidavit submitted to Special Term. The opposition consisted of allegations that the motion was premature, that Goodman had insufficient information as to the exact treatment rendered by defendant Margaretville Hospital and that there was "at least an appearance of an employer-employee relationship" between defendant Margaretville Hospital and Dr. Lopez. No evidence was submitted in support of the latter claim of an employer-employee relationship and there was no further evidence as to the alleged negligence of the defendant Margaretville Hospital. In view of the prima facie showing that the cross claim was without merit, it was incumbent upon defendant Goodman to assemble, lay bare and reveal his proofs in order to demonstrate that the matters set up in his answering papers were real and capable of being established upon a trial *(Matter of Basile,* 63 Misc 2d 845). A motion for summary judgment may not be defeated by charges, such as those contained in the opposing affidavit herein, which are based upon surmise, conjecture and suspicion *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56). Judgment affirmed, with costs. Herlihy, P. J., Sweeney, Main, Larkin and Reynolds, JJ., concur.