■ PEGGY A. NOWAK, Respondent-Appellant, v THADDEUS E. NOWAK, Appellant-Respondent.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this long battle for custody over their five-year-old daughter, the father appeals from a Family Court order that continued custody in the mother. The mother appeals from that part of the same order which directed her to discontinue a pending custody proceeding in the State of North Carolina and enjoined her from commencing any future custody proceedings outside Chautauqua County. The father contends that the proof demonstrated that he is the "better fit parent" and that such a showing is all that is required to obtain a change in custody. The trial court's finding that the daughter, Amy, could easily adapt herself to live with either parent and the determination that the mother's actions have in no way affected her adversely are amply supported by the record. Witnesses for both parties have testified that Amy is healthy, happy and intelligent and that she is loved by and loves both parents. Further, the trial court refused to find that the mother was an unfit parent. In fact the proof was that the mother is a good, loving and very competent one. However, even a finding that defendant is the "better fit parent" would not mandate a change in custody. A change of custody is not favored absent a finding that the custodial parent is unfit to continue as the proper custodian (Obey v Degling, 37 NY2d 768; Matter of Lang v Lang, 9 AD2d 401, affd 7 NY2d 1029; Samuels, Family Court Law and Practice in New York [rev ed], § 360, p 523). "Priority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded to the first custody awarded in litigation or by voluntary agreement" (Matter of Nehra v Uhlar, 43 NY2d 242, 251). The trial court's finding that the plaintiff was a fit parent and his decision that she should retain custody of Amy "must be accorded the greatest respect" (Matter of Irene O., 38 NY2d 776, 777). We note that the child expressed a desire to remain with her father and that such fact was considered. Expression of such a desire by a child of tender years does not necessarily accord with the long-term best interest of the child (Matter of Nehra v Uhlar, supra) and, while considered, should not be determinative (Obey v Degling, supra, p 770). However, we agree with the trial court's findings that both parents are fit, that Amy loves both of her parents and can easily adapt herself with either parent. The father and mother must both participate in a meaningful way in her care and upbringing. Since the mother now lives out of State, regular and frequent visitation privileges for the father are not possible. In

addition to the visitation rights granted by Family Court, to perpetuate a reasonably normal father-daughter relationship, we believe that summer visitation should be enlarged to include the two full months of July and August. Such is in accord with the best interests of Amy, to spend the summer in the Chautauqua community where both her maternal and paternal families have deep roots. Turning to the issues raised on the mother's cross appeal, the retention of jurisdiction over this custody matter by Family Court in Chautauqua County, even though an action instituted by the mother, now a resident of that State, was pending in North Carolina does not constitute an abuse of discretion. Finally, we conclude upon review of this record that the trial court did not abuse its discretion in the remaining portion of its order. (Appeal from order of Chautauqua County Family Court—custody, etc.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.