■    COLLEEN C. BALDWIN et al., Appellants, v HERBERT F. GRETZ, JR., Respondent, et al., Defendants.—Appeal from an order of the Supreme Court at Special Term, entered December 6, 1977 in Schenectady County, which granted a motion by defendant Gretz for summary judgment dismissing the complaint against him. The underlying action is one for alleged medical malpractice against defendant Herbert F. Gretz, Jr., and others. Basically, it is alleged that defendants negligently left a surgical sponge within plaintiff Colleen Baldwin's vagina following the delivery of her child. It is also alleged that defendants failed to detect the presence of the sponge. The pertinent facts are essentially undisputed. Dr. Gretz did not participate in the delivery of the child on August 6, 1971. He saw Mrs. Baldwin on two occasions following delivery, including the date of her discharge from the hospital which he authorized. On August 13, 1971, some three days after her discharge from the hospital, Dr. Gretz examined Mrs. Baldwin and removed the sponge. On deposition, Dr. Gretz also testified he was an employee of the other two defending physicians. There is also testimony in the record by Dr. Gretz that he did not perform a pelvic examination on the date of discharge and that to his knowledge it was not the usual procedure to conduct such an examination prior to discharging a patient. There is also an affidavit of an obstetrician-gynecologist that the care and treatment rendered by Dr. Gretz was entirely consistent with the standards of good and accepted medical care in the area in 1971. Plaintiffs rely on the pleadings, bill of particulars and the depositions of Mrs. Baldwin and Dr. Gretz. The general allegations of malpractice, however, were merely conclusory, unsupported by competent evidence tending to establish the essential elements of medical malpractice. Furthermore, plaintiffs failed to submit an affidavit of merits when accorded an opportunity by Special Term. We also reject plaintiffs' contention that the doctrine of *res ipsa loquitur* is applicable. The order should be affirmed (see *Snelson v Margaretville Hosp.,* 49 AD2d 991.) Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Larkin and Herlihy, JJ., concur.

■    In the Matter of KATHLEEN HELLER, Appellant, v JACOB BARTMAN, JR., Respondent.—Appeal from an order of the Family Court, St. Lawrence County, entered February 23, 1978, which dismissed petitioner's application seeking custody of the two children of her marriage to respondent. There is no showing of "unfitness" or that there has been a change of circumstances sufficient to warrant awarding the custody of the children to the petitioner (Family Ct Act, § 652). The court specifically found that under the present custody arrangement there was no adverse effect upon the children. It further appears from the record that the award of custody mentioned above was by order of the court on May 8, 1972, pursuant to a stipulation between the parties hereto. Under such circumstances, the petitioner should not be allowed to abrogate her prior consent, absent an unusual change of circumstances which does not presently exist *(Matter of Nehra v Uhlar,* 43 NY2d 242).* Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr. and Herlihy, JJ., concur.