■ BETTY J. McLAUGHLIN, Appellant, v JAMES S. McLAUGHLIN, Respondent.—Appeal from an order of the Family Court of Broome County,

entered May 18, 1978, which granted defendant's application for custody of his daughter. The parties were married in October, 1973, and a daughter, Sheri Ann, was born in March, 1974. In December, 1976, appellant obtained a divorce upon the grounds of cruel and inhuman treatment, and issues regarding custody and support were referred to Family Court. Custody of Sheri Ann was awarded to appellant by order of Family Court dated September 3, 1976. Respondent father was granted visitation rights on Sundays and on his day off from work. An order dated June 2, 1977 continued this arrangement. In a petition dated March 13, 1978, respondent sought custody of his daughter, alleging that due to appellant's change in employment she was unable to properly care for or spend time with the child and that she had engaged in conduct which has jeopardized the child's physical and emotional well-being. After a hearing, Family Court found that both parents love the child and give her adequate care while they have her in their custody. Nevertheless, the court ruled that the best interests of the child required a change and awarded custody to the father during the week and to the mother on weekends from 10:00 on Saturday morning until 8:00 on Sunday evening. This appeal ensued. Where, as here, there has been a prior custody award by a court, custody should not be changed absent extraordinary circumstances *(Matter of Nehra v Uhlar,* 43 NY2d 242). This rationale is based upon the theory that the best interests of the child are served by stability in the custodial relationship *(Matter of Corradino v Corradino,* 64 AD2d 320, 322). It is apparent that Family Court herein applied a less rigorous standard than that required by *Matter of Nehra v Uhlar (supra).* The record herein does not contain evidence of extraordinary circumstances which would justify shifting custody from appellant to respondent. The order of Family Court, therefore, should be reversed. Appellant formerly was employed part time at a Grand Union store in Binghamton at various hours between 6:00 A.M. and 5:00 P.M. In her new employment at IBM, she works full time on the evening shift from 5:12 P.M. to 1:42 A.M. Monday through Friday. This new job pays her $250 per week. She formerly lived in a mobile home, but presently resides in a smaller three-room apartment (kitchen, living room and bedroom) located next door to the residence of her mother and stepfather. She usually drops Sheri Ann off at her mother's house at about 4:30 to 4:45 P.M. on workdays, where the child remains overnight until she is returned to appellant's apartment at 8:00 A.M. Since appellant has only one bedroom, Sheri Ann sleeps with her mother. However, appellant has redecorated the apartment and testified that there is an adequate area for Sheri to play, although the neighborhood is somewhat run down. Appellant also testified that the evening shift allows her more time during the day to be with her daughter. Family Court indicated that it considered the living circumstances of the parties as the determining factor in its decision. In this regard, we note that the father resides at his parents' residence. His employment as a firefighter for the City of Binghamton requires that he work two nights in succession from 6:00 P.M. to 8:00 A.M., followed by one day off. He then works two successive days from 8:00 A.M. until 6:00 P.M., followed by four days off. Clearly, this schedule requires that Sheri Ann be cared for by respondent's mother for a substantial time each week. Thus, each custodial parent places a great deal of reliance on the assistance of his or her respective mother in caring for Sheri Ann during work hours. Of course, it was shown that at respondent's parents' home Sheri Ann would have her own bedroom, that the home is nicer than the apartment and that the home is in a better neighborhood. However, these differences do not seem to be of sufficient significance to be

determinative on the issue of change in custody, especially when that custody has been awarded by a prior court order. Order reversed, on the law and the facts, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Staley, Jr., Main and Mikoll, JJ., concur.