■ VALERIE F. DE FRANCESCO, Petitioner, v ROBERT I. MACNARY, Respondent. (Action No. 1.) ROBERT I. MACNARY, Respondent, v VALERIE F. DE FRANCESCO, Appellant. (Action No. 2.)—Appeal from so much of an order of the Family Court of Ulster County, entered October 3, 1979, as directed in Action No. 2 a change in custody of the parties' infant child Janice from respondent mother to petitioner father. Pursuant to the terms of a separation agreement, dated December 19, 1976, the parties to this proceeding

agreed upon the custody of their three children. The same provisions were later included in a decree of absolute divorce dated January 19, 1978, which, among other things, awarded the custody of a daughter, Janice, to the mother. In the interim, visitation problems between the parties had precipitated a proceeding in Family Court, instituted by the father, seeking a change in custodial arrangements. Ultimately, following evidentiary hearings, the Family Court entered an order dated March 27, 1978, which continued the existing custody arrangements. Difficulties between the parties continued, most of which evolved from the visitation schedules. It should be noted, however, that on March 11, 1978, the mother remarried, and her new and younger husband was engaged as a member of the faculty at the same school where her former husband was employed. Eventually, the parties found themselves back in Family Court once again. Further evidentiary hearings were conducted on various opposing allegations, and the report of a psychiatrist associated with Ulster County Mental Health Services was submitted to the court. By order dated October 9, 1979, Family Court directed a change of custody for Janice from her mother to her father on the grounds that there had been "a substantial change in circumstances", and that now the father was "a more fit parent to have custody" of her. It is this latest order which is before us for review. We are unable to conclude that this record demonstrates the extraordinary change in circumstances required to support a transfer of custody. The only significant intervening difference is the remarriage of the mother, and that alone is not sufficient to warrant a disruption of custody (*Dintruff v McGreevy,* 34 NY2d 887; see, also, *Matter of Austin v Austin,* 65 AD2d 903). Although the report of the psychiatrist recommended the instant transfer, a close examination reveals it is largely based on a description of family life provided by the children, without any indication that the mother was ever interviewed, and in the face of an admission by the father that he made disparaging remarks about the mother in the presence of the children. Notably, the report does not state that the mother is unfit, nor does it state what extraordinary changes, if any, have occurred since the entry of the prior order. While the report of a professional is helpful, it should not be blindly followed in each case, particularly when its opinions "are not narrowly controlled by the underlying facts" (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 549). Family Court did not state any reasons to substantiate its findings of a change in circumstances and a determination that the father is more fit to have custody is not enough (cf. *Nowack v Nowack,* 65 AD2d 957; *Matter of Heller v Bartman,* 65 AD2d 876, mot for lv to app den 46 NY2d 709). Lastly, it is usually in the best interest of the child to avoid shifting custody from one parent to another whenever possible (*Matter of Nehra v Uhlar,* 43 NY2d 242, 250; *Corradino v Corradino,* 64 AD2d 320, affd 48 NY2d 894), and we see no reason to disturb the existing custodial arrangements (*McLaughlin v McLaughlin,* 71 AD2d 738). Order modified, on the law and the facts, by reversing so much thereof as awarded custody of Janice to her father, and, as so modified, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.